JOSIAS N. ROGERS.

*vs.*

SAMUEL D. GREENWOOD.

An order, setting aside a stipulation between the parties for the dismissal of an action, is within the exclusive jurisdiction of the Court, and when signed by the judge of the proper court, although the hearing was at the judge's chambers, will, under our statutes, in the absence of special circumstances creating an exception, be regarded as an order of the Court.

Such an order deprives the party objecting thereto of a positive legal right, and is embraced within the provision of the statute allowing an appeal from an order involving the merits of the action, or some part thereof.

The admissions of attorneys of record, bind their clients in all matters relating to the progress and trial of the cause, and are generally conclusive.

Where relief is sought against a stipulation by one of the parties thereto, on the mere ground of mistake, the mistake must have been one which ordinary care and attention would not have prevented.

This cause comes to this court by an appeal taken by the plaintiff from an order of the District Court for Goodhue county, setting aside a stipulation of attorneys dismissing the action. The stipulation was as follows : " By consent of the parties, plaintiff and defendant in the above entitled cause, the same is hereby dismissed without costs to either party, said plaintiff to pay the fees of the clerk of the District Court.

J. C. McClure, Att'y for Defendant.

J. N. Rogers, Plaintiff in person."

The plaintiff paid the fees of the clerk pursuant to the stipulation, and filed the stipulation in the clerk's office, where it was duly entered. Afterwards, suit was commenced by the plaintiff upon the same cause of action, in the District Court for Ramsey county. After the second action was commenced, the defendant procured an order from the judge of the District Court for Goodhue county, requiring the plaintiff to appear before him at his chambers, and show cause why the said stipulation should not be set aside. The matter was heard upon affidavits produced by the respective parties, and an order was made, signed by the said judge, and dated at his chambers, setting aside the said stipulation, and reinstating the cause upon the calendar of that court, which is the order appealed from. The matters established by the affidavits, sufficiently appear in the opinion of the Court. A motion was made in this court to dismiss the appeal, upon the ground that the order appealed from was not appealable.

Rogers & Rogers for Appellant.

I.—The order appealed from is an appealable order.

*Bingham vs. Board Supervisors of Winona County,* 6 *Minn.,* 136; *Sec.* 8, *Chap.* 68, *Rev. Stat., p.* 576; 12 *Minn.* 60; 19 *How.,* 267; 8 *Barb.* 81.

II.—There is no claim that any fraud was practiced upon the respondent or his attorney, and no court will set aside a stipulation entered into by attorneys unless the stipulation is obtained through fraud. *Closson vs. Shepard,* 10 *Wis.,* 356; 6 *Minn.,* 136; 8 *Minn.,* 467.

And not then unless the insolvency of the attorney is shown. 6 *Minn.* 136, *and cases cited.*

Rogers v. Greenwood.

In this case it is not claimed that the respondent's attorney is insolvent.

III.—An attorney binds his client by every act in the ordinary course of practice. *Rev. Stats. of Minn., Chap.* 88, *Sec.* 9, *Div.* 1; 6 *Minn.,* 136; 7 *Minn.,* 493.

IV.—If the respondent has suffered damage by the act of his attorney, his remedy is against his attorney, but in this case the respondent lost no rights in consequence of the stipulation, as the appellant could have dismissed the action at any time without respondent's consent. *Sec.* 242, *p.* 21, *Chap.* 66, *Gen. Stat. Minn.*

V.—The stipulation is a contract, and the Court had no authority to disturb or set it aside, except upon grounds which would be sufficient to set aside any other contract between the parties. *Bingham vs. Board of Supervisors of Winona County,* 6 *Minn.,* 136.

VI.—By the commencement of another suit for the same cause of action in the District Court of Ramsey County, the action in the District Court of Goodhue County having been regularly dismissed, new rights were vested which the Court had no right to disturb or interfere with.

J. C. McClure for Respondent.

I.—The appeal in this action should be dismissed.

II.—The appeal is taken from an order made by the judge at chambers, and not from an order made by the Court, and the appeal is unauthorized. *Comp. Stat., Sec.* 1, *Chap.* 86, *p.* 576; *Hoffman at als. v. Mann,* 11 *Minn.,* 364.

III.—The order appealed from is not such an one as is included within the provisions of any of the subdivisions of *Sec.* 8, *Chap.* 68, *Comp. Stat.* (*p.* 576) but relates merely to matters of practice, and is therefore not appealable.

Rogers v. Greenwood.

IV.—The order setting aside the stipulation in this cause, is not a "*final order*," nor is it one in any manner "*involving the merits of the action, or any part thereof*," and an appeal therefrom will not lie. *Chouteau v. Parker*, 2d *Minn.*, 118; *St. John v. West*, 4th *How. P. R.*, 329; *Megrath v. Wyck*, 3d *Sandf. S. C. R.*, 81; *Bedell v. Stickle*, 4th *How. P. R.*, 432; *Whitney v. Wateman*, 4th *How. P. R.*, 313.

V.—But admitting that the order is appealable, yet it should not be interfered with, because, where the court below, or a judge thereof, makes an order in a matter that is purely discretionary, this Court will not disturb it, unless such discretion is grossly abused. *Merritt v. Putnam*, 7th *Minn.*, 493; *Swift v. Fletcher*, 6th *Minn.*, 550; *Irvine v. Myers & Co.*, 6th *Minn.*, 558; *Gale v. Vernon*, 4th *Sandf.*, 790; *Seeley v. Chittenden*, 10th *Barb.*, 303; *Tallman v. Heinman*, 10th *How. P. R.*, 89; *Prince v. Hendy*, 6th *Minn.*, 347; *Myrick v. Myrick*, 5th *Minn.*, 65; *Rondeau v. Beaumette*, 4th *Minn.*, 224; *Chouteau v. Parker*, 2d *Minn.*, 118.

VI.—But suppose the stipulation should be regarded in the light of a contract, and the same facts required to set it aside as would be required to set aside any other agreement between parties, still we contend that the facts stated in the affidavits of respondent are sufficient to authorize the granting of the order appealed from. Two of the affidavits clearly and distinctly allege that through mistake and oversight a material portion of the agreement is wholly and entirely omitted in the stipulation. That the court always has the right to relieve a party from mistake, surprise or fraud, is a principle of law too well settled to require the citation of authorities to support.

VII.—We deny the right of the appellant in this case to

dismiss the action at the time the stipulation was entered into, without the consent of the respondent. It is admitted by the appellant that the cause had been argued, and submitted to the District Court, and was then held under advisement by it. This being the case, no such right existed in favor of the plaintiff. *Comp. Stat.*, *Chap.* 66, *Sec.* 242, *p.* 484.

VIII.—Neither would the appellant have the right to dismiss the action "*if a provisional remedy had been allowed, or a counter claim made.*" The pleadings are no part of the record in this cause, and this Court has no means of knowing what they contain, and we hardly think it will go to the extent of making out a case by presumption. *Comp. Stat.*, *Chapt.* 66, *Sec.* 242, *p.* 484.

*By the Court*—McMillan, J.—The order from which the appeal in this case is taken, is one within the exclusive jurisdiction of the court; a "judge at chambers" has no authority to make it. An order of this nature, signed by the judge of the proper court, although the rule or application upon which it was made was heard at the judge's chambers, will, under our statute, in the absence of special circumstances creating an exception, (which do not exist in this instance,) be considered an order of the court. *Yale vs. Edgerton*, 11 *Minn.*, 271. The statute expressly provides that either party may dismiss an action with the written consent of the other, and provides for a judgment accordingly. *Gen. Stat.*, *sec.* 242, *sub-divs*, 2, 5, *p.* 484. The plaintiff having obtained the written consent of the defendant's attorney to dismiss the action, had a legal right to have it enforced by the judgment of the court, and the order setting aside the stipulation against his objection, deprived him of a positive legal right, and is embraced within

that provision of the statute which allows an appeal from an order "involving the merits of the action, or some part thereof." *Gen. Stat.*, *ch.* 86, *sec.* 8, *sub-div.* 3, *pp.* 576–7; *Piper vs. Johnson*, 12 *Minn.*, 60; *Choteau vs. Parker*, 2 *Minn.*, 120, *and authorities cited.* The motion to dismiss the appeal must be denied. This brings us to the merits of the appeal. It appears from the return that the stipulation was entered into and filed on the 25th of January, 1869, and the clerk's costs paid by the plaintiff in accordance with the terms of the stipulation.

On the 17th of March, 1869, the plaintiff commenced another suit against the defendant in the District Court of Ramsey County, for the same cause of action, which is now pending, and on the 20th of March, 1869, the order to show cause why the stipulation should not be set aside was granted, and upon the hearing of the order the stipulation was set aside, and the cause reinstated upon the calendar for trial. The admissions of *attorneys of record* bind their clients in all matters relating to the progress and trial of the cause, and are generally conclusive. 1 *Greenl. Ev.*, §§ 186, 205, 27; *Bingham vs. Supervisors of Winona Co.*, 6 *Minn.*, 137; *Gresley's Eq. Ev.*, *p.* 458. And while a party may be relieved against admissions of this character made improvidently and by mistake, unless a clear case of mistake is made out entitling the party to relief, he is held to the admission. 1 *Greenl. Ev.*, § 206; *Gres. Eq. Ev.*, *p.* 457–60. And it is at least doubtful whether, if the opposite party has been induced by the agreement to alter his condition, a mistake can be relieved against. *Newton vs. Liddeard*, 12 *Ad. & E.*, 925, *N. S.* But in any event, the party denying the mistake must be free from any negligence in the matter.

There is no allegation of fraud in reference to the stipulation in question here, but the defendant's attorney claims

that it should be set aside, on the ground of his oversight, or mistake, in omitting to insert a condition in the stipulation, that no other action should at any time be commenced by the plaintiff for the same cause of action. From an examination of the affidavits used on the hearing of the order to show cause, we think it is not shown that the plaintiff's attorney, by anything he said or did in the matter, induced or occasioned any mistake on the part of the defendant's attorney. E. G. Rogers, the plaintiff's attorney, in his affidavit, states that the stipulation was drawn up by him, as it appears in the case, and was submitted to the examination of the defendant's attorney, and after such examination was signed by him as the attorney of the defendant. This statement is uncontradicted by anything we discover in the affidavits. The stipulation is brief, formal and distinct.

The intelligence and legal ability of the defendant's attorney, precludes any supposition that he was not fully aware of the effect of the stipulation, and the condition alleged to have been omitted, is one of an extraordinary character, and in the affidavit of the plaintiff's attorney, already referred to, he says he stated to the defendant's attorney that the only reason why he desired the consent of the latter to the dismissal, was for the purpose of waiving, and not being obliged afterwards to encounter the question as to whether, on a dismissal of said cause by the plaintiff himself, it was necessary for the plaintiff to pay the defendant five dollars statutory costs upon such dismissal, the defendant's attorney then expressing to the deponent his opinion, that the plaintiff could dismiss said cause on his own motion, without the payment of said sum.

Under such circumstances, the oversight or mistake of the defendant's attorney, by which the condition referred to was omitted, we think must have been such as ordinary

care and attention would have guarded against; and if any special facts existed to cause the mistake, they are not stated in the affidavits, and we cannot presume any such.

This being the state of the facts, no ground is shown for setting aside the stipulation in any case, perhaps, but certainly not where the defendant, as in this instance, relying upon the stipulation, has been induced to change his condition, by paying the clerk's costs, dismissing the suit, and commencing another action, which must be defeated at the costs of the plaintiff, if the stipulation is set aside.

The order setting aside the stipulation and reinstating the cause is reversed.