MORRIS R. LEVI v. ISIDOR LONGINI.[1]

On Motion to Dismiss.

January 23, 1901.

Nos. 12,500—(245).

**Order Appealable.**

An order of the district court, vacating its previous order, affirming on the merits an order of the probate court refusing to vacate its order allowing the account of a guardian, is appealable.

On Appeal.

May 31, 1901.

**Guardian's Account—Order of Allowance May Be Annulled.**

A probate court has authority to set aside and annul an order allowing a guardian's final account obtained through fraud, and to re-examine the same, as if no such order had been made.

**Consent Obtained by Fraud—Jurisdiction.**

The fact that consent by the ward to such allowance was procured through the aid of a written consent and acquittance obtained from the ward after his majority by fraud does not prevent the probate court from re-examining such order; and it may disregard such written consent and acquittance in such case, and examine such account de novo.

From an order of the probate court for Hennepin county denying a motion to vacate an order allowing the account of Isidor Longini, his guardian, Morris R. Levi appealed to the district court for said county. From an order of the district court, McGee, J., the guardian appealed to the supreme court. Affirmed.

*Pfau & Pfau* and *W. L. Comstock*, for appellant.

*Geo. T. Simpson* and *Geo. H. Selover*, for respondent.

[1] Reported in 84 N. W. 1017, 86 N. W. 333.

A motion to dismiss the appeal having been made, the following opinion was filed January 23, 1901:

PER CURIAM.

Motion to dismiss the appeal herein on the ground that the order from which it was taken is not appealable.

The respondent herein, the former ward of the appellant, on April 6, 1900, made a motion in the probate court of the county of Hennepin to vacate, on the ground of fraud, its previous order allowing the account of his guardian. The probate court made its order denying the motion on the ground that it had no jurisdiction in the premises. The respondent appealed from the order to the district court of the county of Hennepin. That court, upon the hearing of the appeal, made its order, wherein it was held that the probate court did have jurisdiction to hear and determine the matter, but it affirmed the order of the probate court upon the merits, for the reason that the motion papers did not show that the respondent was entitled to the relief asked for. Thereupon, and within thirty days after the order was made, the respondent moved the district court to set it aside. The court, after hearing the parties, made its order vacating its first order, and reversing the order of the probate court, and remanding the matter to the probate court, with directions to hear and determine it on the merits. From the last order the guardian appealed.

The respondent moves to dismiss the appeal for the reason that the order, in effect, is one refusing to dismiss the proceeding; hence it is not appealable. If this be a correct interpretation of the order, it is not appealable. But it is not. The original order was one involving the merits. If that order had not been set aside, it would have finally disposed of the matter on the merits in favor of the appellant. But by the order appealed from he was deprived of the benefit of the original order, which determined his positive legal rights. It was therefore appealable as an order involving the merits. Piper v. Johnston, 12 Minn. 27 (60). See In re Gragg, 32 Minn. 142, 19 N. W. 651.

Motion denied.

The following opinion was filed May 31, 1901.

LOVELY, J.

Albert L. Levi, of Hennepin county, died in 1888, testate, leaving an estate of $10,000 to his only son, then eleven years of age. Isidor Longini was named in the will as executor. The will was probated. Longini was likewise appointed guardian of the minor, accepted the trust, took possession of the estate, of which upward of $8,000 was in cash, and continued to act as such guardian until the ward arrived at his majority. Soon after this event the ward consented in writing to a settlement of the guardian's account in the probate court, and acquitted him from all claims under the guardianship. After examination of the account, the probate court made an order allowing the same, and discharged Longini from his trust. Subsequently the ward applied to the probate court to vacate the final order of allowance upon an affidavit setting forth material facts charging substantially that the guardian had misappropriated the trust funds, and upon fraudulent misrepresentations and practices had secured the ward's written consent to the settlement, and by the same means obtained the receipt referred to. The probate court denied the application to vacate the order allowing the final account upon the ground that it had no jurisdiction to grant the relief asked. An appeal was taken to the district court for Hennepin county. Upon hearing before one of the judges of the trial bench an order was made affirming the order of the probate court upon the merits. Afterwards, upon an order to show cause, the previous order of the district court was vacated, the order of the probate court was reversed, and the cause remanded to that court for re-examination of the guardian's account, with leave granted to amend respondent's affidavit, and change its form to a petition. From this last order of the district court Longini appeals to this court, where the only question presented is whether it is within the power of a probate court, after its final order allowing the account of a guardian, and discharging him from his trust, to annul and vacate such order, when procured by fraud, and reconsider such account de novo.

Appellant urges that, the ward having arrived at majority, and having receipted for all funds in the hands of the guardian, so far,

at least, as the probate court is concerned, he had the right to enter into any contract he saw fit with the guardian, and that such court must recognize the validity of the written consent and receipt, which is conclusive against his rights to have the account re-examined in that form, for the reason that the re-examination of the account under such circumstances would necessitate the cancellation of written instruments requiring the exercise of equitable powers vested in courts of general jurisdiction.

The right of courts having control of the estates of deceased persons to correct an error into which they may have fallen through fraudulent practices or misrepresentations of the real facts in regard to the estate is a well-recognized and essential incident to the authority of such courts to administer justice within their jurisdiction. Woerner, Guardianship, § 98; Estate of Leavens, 65 Wis. 440, 27 N. W. 324; Estate of O'Neill, 90 Wis. 480, 63 N. W. 1042. The duty to vacate a previous order, judgment, or decree of a probate court made or procured by fraud or misrepresentation is clearly vested in that tribunal under the sanction of G. S. 1894, § 4665, subdivision 9, as controlled by previous decisions of this court. In re Gragg, 32 Minn. 142, 19 N. W. 651; In re Hause, 32 Minn. 155, 19 N. W. 973. There is no doubt that the jurisdiction of probate courts is limited, but it seems very clear that what is essential to such powers as are conferred by law may be exercised although such action by the probate court may involve an incidental consideration of the same issues that would be considered and decided by other tribunals. Hence the right to hear evidence and determine any question essentially involved in the opening or vacating of a previous order obtained by fraud follows as an absolute necessity to the performance of its duties in that respect. It would be an absurd travesty upon the authority which is vested in such courts to say that they may set aside their own judgments obtained through fraud, but, because in the execution of the fraud the party deriving the benefit therefrom had obtained acquittances, receipts, or deeds from the injured party, such authority cannot be made effective, and thus let "the guilty prize itself buy out the law."

Without entering into unnecessary discussion of the means by

which written instruments may be avoided in the plenary exercise of the probate jurisdiction conferred by statute, it is only necessary to say that fraud which vitiates and nullifies every transaction into which it enters deprives such instruments of any value to defeat the wholesome jurisdiction established by statute and authority. If a probate court may not decree a cancellation of a receipt or acquittance when such instruments stand in the way of its exercise of duty, it may at least disregard them, as it would a forgery of the same instruments. It is not necessary to go further in the decision of the question presented on this appeal than to hold that, if the written consent and receipt were obtained by fraud, they were nullities, constituting not only a wrong upon the party injured, but they were an imposition upon the probate court also, and may be treated as obstacles and obstructions to the exercise of its undoubted jurisdiction to vacate the order obtained.

We have not thought it necessary to review the facts set forth in the affidavit upon which the charges of fraud are made in this case, because the merits of the issues presented therein were not questioned, and are to be reviewed in probate court. Between the ward and his guardian the probate court had authority to hear and determine such issues of fact as are involved in the application to vacate the order discharging the guardian, and to re-examine his account as fully as if no such consent had been made or receipt given.

The order appealed from is affirmed.