DANIEL KRONING v. ST. PAUL CITY RAILWAY COMPANY.[1]

November 3, 1905.

Nos. 14,429—(40).

**New Trial—Case Remanded.**
> This court has jurisdiction to remand a case and the record thereof to the trial court, to enable the appellant to renew a motion for a new trial on the ground of newly discovered evidence arising since the filing of the return in this court.

Action in the district court for Ramsey county to recover $25,300 for personal injuries. The case was tried before Olin B. Lewis, J., and a jury, which rendered a verdict in favor of plaintiff for $5,750. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Thereafter defendant moved to remand the case to the district court for the purpose of amending and renewing its motion for a new trial on the further ground of newly discovered evidence arising subsequently to the filing of the return upon its appeal. Motion granted and case remanded.

*Munn & Thygeson,* for appellant.

*H. A. Loughran* and *John D. O'Brien,* for respondent.

START, C. J.

Motion to remand the case and return herein to the district court to enable the appellant to amend and renew its motion for a new trial on the ground of newly discovered evidence arising since the filing of the return in this court.

The first question to be considered is whether this court can legally remand the case for the purpose stated. It is well settled that this court

[1] Reported in 104 N. W. 888.

may remand a case and the return to the trial court, with leave to the party asking for the remand to apply to that court to correct the record in accordance with the facts or to procure an amendment of the record. Phœnix v. Gardner, 13 Minn. 272 (294) ; Chesley v. Mississippi & R. R. Boom Co., 39 Minn. 83, 38 N. W. 769. But the application for relief in this case is not merely one to remand the case for the purpose of securing a correction of the return or supplying omissions therein. It is more radical, for the appellant seeks to have the case remanded for the purpose of asking the trial court to reconsider the motion for a new trial upon a ground never before suggested to the court. The radical character of the motion, however, is not the test of the question whether we have jurisdiction to grant it, although the unusual character of the relief sought is a cogent reason why the power, if it exists, should be exercised with caution, The appellate jurisdiction of this court is not derived from the legislature, but from the constitution (article 6, § 2), and is expressed therein in these words:

> It shall have   *   *   *   appellate jurisdiction in all cases both in law and equity.

This general grant of power carries with it by necessary intendment every other power reasonably necessary for the complete exercise in all cases of the jurisdiction conferred. County of Brown v. Winona & St. Peter Land Co., 38 Minn. 397, 37 N. W. 949 ; State v. Leftwich, 41 Minn. 42, 42 N. W. 598. It was by virtue of this implied power that the cases were remanded in the decisions we have cited. We therefore hold that we have jurisdiction to grant the relief prayed for by the motion, if the appellant has shown itself entitled to it.

Counsel for the respondent urges that the appellant has not shown itself entitled to the relief asked, for the reason that it has not shown due diligence, and that the alleged newly discovered evidence is simply impeaching evidence, and not of a character to render it probable that, if the evidence be given on a new trial, it would change the result. These matters are to be decided by the trial court in the exercise of a sound discretion. We are limited to the inquiry whether enough has been shown to justify the conclusion that the appellant is justly entitled to an opportunity to present the questions to the trial court and obtain its decision thereon. The rule that neither cumulative nor impeach-

96 M.—9

ing evidence newly discovered is a ground for a new trial is not an inflexible one, but it must yield to the demands of justice in exceptional cases. If the showing here made is insufficient as a matter of law to entitle the appellant to a new trial, its motion must be denied. On the other hand, if the showing is such that it is reasonably clear that the appellant should have the opportunity to present its claim for a new trial to the district court for its decision, the motion must be granted. We have fully considered the merits of the motion, and have reached the conclusion that it should be granted. We refrain from discussing the alleged facts, for the obvious reason that they must be passed upon by the trial court.

It is therefore ordered that the case and return be, and they are hereby, remanded to the district court of the county of Ramsey to enable the appellant to renew its motion in that court for a new trial on the further ground of newly discovered evidence, and, further, that in case the district court shall grant such motion this remand shall thereupon become absolute, but, if the motion be denied, then the decision, with the proceedings relevant thereto, be made a part of the original return to this court, and the whole thereof be returned without unnecessary delay for further proceedings thereon in this court upon the appeal now pending.