## HOMER C. BAER v. WASECA MILLING COMPANY.[2]

### April 17, 1919.

### No. 21,366.

**Foreign corporation — transfer of stock — lien of corporation.**

Action to compel a South Dakota corporation, authorized to do business in Minnesota, to transfer on its books certain shares of its capital stock which plaintiff bought of the person to whom they were issued. The answer alleged as one defense that the court had no jurisdiction of the subject matter, and as another defense that plaintiff's assignor had never paid for the stock, and by virtue of the South Dakota statute and the by-laws adopted pursuant thereto, defendant had a lien on all the stock until it was paid for in full, and no stock could be transferred on the books until it had been paid

[1]Reported in 173 N. W. 665. [2]Reported in 171 N. W. 767, 173 N. W. 401.

for in full and all liens satisfied. The trial court granted plaintiff's motion to make this allegation more definite and certain and to set out the by-laws referred to in full and the date of their passage, and defendant was allowed ten days in which to amend its answer and set out the by-law and the date of its passage. From this order defendant appealed. *Held*:

(1) While the order did not specify what would be done in case it was not obeyed, such disobedience would be sufficient ground for the court to strike the indefinite allegations from the answer or bar defendant from introducing testimony in support of them. As that would involve the merits of the action, the order is appealable within the doctrine of Lovering v. Webb Publishing Co. 108 Minn. 201, 120 N. W. 688.

(2) If it is necessary to plead the existence of the by-law, there was no abuse of discretion in requiring defendant to set forth its substance and date of its adoption.

(3) It cannot be presumed a transferee of stock in a corporation has knowledge of the corporation by-laws.

(4) The relief asked does not involve the exercise of visitatorial powers or management of the internal affairs of the corporation. It merely involves whether a citizen of Minnesota, who has bought stock from one to whom the corporation issued it, is entitled to have it transferred on the books of a foreign corporation duly licensed to do business in Minnesota.

(5) If there is any amount due the corporation from the seller of the stock for which it has a lien, the Minnesota courts can protect and enforce the same as against the holder of the stock. [Reporter.]

Action in the district court for Ramsey county to compel defendant to transfer certain shares of stock upon its books and to issue to plaintiff new certificates therefor. Plaintiff's motion for an order requiring the answer to be made more definite and certain and the by-laws referred to therein to be set out in full, as well as the date thereof, was granted by Michael, J. Respondent's motion to dismiss the appeal was denied. Affirmed.

*Moonan & Moonan*, for appellant.

*Moore, Oppenheimer & Peterson*, for respondent.

Per Curiam.

On plaintiff's motion the court made an order requiring defendant to make its answer more definite and certain by setting out in words or substance the by-laws under which it asserted a lien on the capital stock in controversy. Defendant appealed from this order, and plaintiff moves to dismiss the appeal on the ground that the order is not appealable.

An order refusing to require a pleading to be made more definite and certain is not appealable. American Book Co. v. Kingdom Pub. Co. 71 Minn.

363, 73 N. W. 1089; State v. O'Brien, 83 Minn. 6, 85 N. W. 1135. An order requiring a pleading to be made more definite and certain, and providing that the p'eading shall be stricken out unless made more definite and certain, is appealable. Lovering v. Webb Pub. Co., 108 Minn. 201, 120 N. W. 688, 121 N. W. 911. This latter case distinguished the order there considered from the orders considered in the prior cases on the ground that it was in effect an order striking out the pleading and therefore involved the merits of the action. The order in the instant case makes no provision for the situation which would exist in the event of a failure to obey it. But a failure to comply with the order would be a sufficient ground for the court to strike the indefinite allegations from the answer, or bar defendant from introducing evidence in support of them. 31 Cyc. 651; Lipman v. Bechhoefer, 141 Minn. 131, 169 N. W. 536. This order may produce the same result as the order in the case cited, and we are of opinion that it is within the doctrine of that case and appealable as an order involving the merits. The motion to dismiss the appeal is denied.

On July 18, 1919, the following opinion was filed:

PER CURIAM.

Action against a South Dakota corporation, authorized to do business in this state, to compel the transfer upon the books of the corporation of certain shares of its capital stock which plaintiff purchased of the person to whom the corporation had issued the same. The answer alleged as one defense that the court had no jurisdiction of the subject matter of the action. And as a further defense alleged that plaintiff's assignor had never paid for the stock; that its par value was $10,000; and "under and by virtue of the statute of the state of South Dakota and the by-laws passed pursuant thereto the defendant has a lien upon all the stock until the same is paid in full and no stock can be or is entitled to transfer on the books of said company until paid for in full and all liens satisfied." Plaintiff moved that the part quoted be made more definite and certain and the by-laws referred to, be set out in full, as well as the date of the passage thereof. The court granted the motion and required defendant within ten days from the date of the order to serve an amendment to the answer, setting out either in words or substance the by-law referred to and the date of its passage. The appeal is from this order.

Orders requiring a pleading to be made more definite and certain rest largely in the discretion of the trial court. Young v. Lindquist, 126 Minn. 414, 148 N. W. 455. If it be necessary to plead the existence of the by-law, there surely was no abuse of discretion in requiring defendant to set forth its

substance and date of adoption. It cannot be presumed that a transferee of stock in a corporation has knowledge of the corporation by-laws.

The case of Guilford v. Western Union Tel. Co. 59 Minn. 332, 61 N. W. 324, as we read it, sustains the proposition that the courts of this state have jurisdiction to grant the relief asked by plaintiff. The relief does not involve the exercise of visitatorial powers or the management of the internal affairs of the corporation. It merely involves whether a citizen of this state, who has bought stock from one to whom the corporation has issued it, is entitled to have it transferred on the books of the corporation. The corporation is duly licensed to do business in this state. If there is any amount due the corporation from the seller of the stock which is a lien thereon, the courts of this state should have no difficulty in protecting and enforcing the same as against the holder of the stock.

Order affirmed.