AUGUST J. MINGO AND OTHERS v. DENNIS HOLLERAN
AND OTHERS.
STATE EX REL. AUGUST J. MINGO AND OTHERS v. THE
DISTRICT COURT OF LE SUEUR COUNTY
AND ANOTHER.[1]

December 8, 1922.

No. 23,233.

**New trial on court's own motion impossible.**

1. A trial court is without authority or jurisdiction to grant on its own motion a new trial of an action for errors in law occurring on the trial thereof.

**Mandamus to compel court to decide submitted case.**

2. An action was tried and submitted to the court for decision; thereafter the court concluded that error had been committed in refusing a jury trial, and upon its own motion and without deciding the case ordered a new trial for that error. It is *held* that the order was without authority and of no legal force or effect, and that mandamus may issue to compel the court to take up and decide the cause on the record presented y tbhe trial.

Upon the relation of August J. Mingo and others the supreme court granted its alternative writ of mandamus directing the district court of Le Sueur county and the Honorable C. M. Tifft, judge thereof, to determine on its merits an action then pending in that court in which relators were plaintiffs and Dennis Holleran and others were defendants. Respondent's motion to quash the writ was denied. Peremptory writ granted.

*F. C. & H. A. Irwin* and *Moonan & Moonan,* for relators.
*Thomas Hessian,* for respondent.

BROWN, C. J.

Relators in this proceeding paid a debt, for the payment of which they with other persons were jointly liable. They then brought

[1]Reported in 191 N. W. 416.

suit against their codebtors for contribution, claiming judgment for their proportion of the indebtedness so paid. Issue was joined in the action, and thereafter duly came on for trial before respondent herein, judge of the Eighth judicial district. When called for trial defendants demanded a jury, while plaintiffs insisted that the action was one for the equity side of the court, to be tried without a jury. The court held with plaintiff, and refused the request of defendants for a jury trial. Thereupon the cause was tried to the court, the evidence of the respective parties was presented, and the issues submitted for decision upon the arguments and briefs of counsel, and taken under advisement by the court. It was so tried and submitted in April, 1922. Thereafter, on July 26, 1922, respondent, as such trial judge, came to the conclusion that error had been committed in denying a jury trial, and of his own motion, and without a decision of the issues submitted, granted a new trial of the action by an order in the following language:

"I am therefore of the opinion that the court erred in not granting a trial by jury and a new trial must be had. It is therefore ordered, that a new trial be and the same is hereby ordered and granted and that said cause be placed on the calendar of the September, 1922, general term of said court for trial by jury.

"Dated July 26th, 1922."

Whereupon relators applied for and obtained from this court an alternative writ of mandamus commanding the trial court to proceed and decide the issues in the action, so tried and submitted to him, or show cause to the contrary. On the return of the writ counsel for respondent moved to quash the proceedings on the ground that the writ was improvidently granted, and that the facts stated therein do not entitle relators to the relief demanded.

The cause having been tried and submitted for decision upon the merits of the controversy, the court was under legal duty to decide the same, and mandamus may issue to require a performance of the duty. The writ will not issue to compel a particular decision, but only to require a determination of the case one way or the other. 18 R. C. L. 124; State v. State Med. Ex. Board, 32 Minn.

324, 20 N. W. 238, 50 Am. Rep. 575; State v. Anding, 132 Minn. 36, 155 N. W. 1040; State v. Teal, 72 Minn. 37, 74 N. W. 1024. The case in this respect is within the rule stated in State v. District Court of Waseca County, 126 Minn. 501, 148 N. W. 463, Ann. Cas. 1915 D, 198. There the trial judge ruled, when a cause regularly on the calendar was called for trial, that he was vested with discretionary authority to decline to hear the same, since the parties were nonresidents and the cause of action arose in another state, and on that theory refused to proceed. with the trial. In mandamus to compel him to hear the cause we held, speaking through Mr. Justice Dibell, that the trial court did not possess the suggested discretion, that the parties had the right to a trial as in other similar litigation between residents of the state, and the alternative writ was made absolute.

In the case at bar after trial and submission of the cause, the court concluded that error had been committed in the refusal of a jury, and for that error granted a new trial on its own motion, and without a decision upon the merits of the case. If that order was valid as within the authority of the court, it must stand, for it cannot be reviewed in this manner; if a valid order it was appealable and that and not mandamus is the proper remedy. But the order was without authority and ineffective. Farris v. Koplau, 113 Minn. 397, 129 N. W. 770, and Stebbins v. Martin, 121 Minn. 154, 140 N. W. 1029. The power of a trial court to grant a new trial of an action on its own motion was sustained in Bank of Willmar v. Lawler, 78 Minn. 135, 80 N. W. 868. But that case involved the sufficiency of the evidence to support the verdict and the rule there applied was expressly limited to flagrant cases of the character, and held inapplicable to errors in law occurring on the trial, in the Koplau and Stebbins cases above cited.

The practice of completing the trial, with a verdict of the jury or decision of the court, as the case may be, with the right and duty of the court subsequently to consider alleged errors occurring on the trial only when complained of by the defeated party, has been too long established and is too firmly rooted in our system of judicial procedure to be set aside or displaced by a new practice

of a disturbing nature. The confusion to result from the practice here sought to be sustained can well be foreseen. It would authorize the trial court at the conclusion, or at almost any intermediate stage of the trial, to discharge the jury empanneled to try the case, and of its own motion grant a new trial for some error or supposed error in the admission or exclusion of evidence, or error in any other respect, which might be wholly cured by a verdict of the jury satisfactory to both parties. A practice of the kind is not authorized by statute and should not be inaugurated by rule of court. In the case at bar a decision of the issues in favor of defendants would have removed from further thought or contention the alleged error in refusing them a jury trial, and the decision would not have been an idle ceremony. We of course are not authorized to say that such a conclusion on the merits could have been justified by the evidence. The evidence is not here presented. But the suggestion serves to illustrate the propriety of adhering to the established practice and procedure in such matters.

So, while the court may in exceptional cases involving questions of evidence grant a new trial of its own motion, it may not do so for errors in law. From which it follows that the order here involved was without authority and of no force or effect, leaving the cause pending and before the court for determination.

In that view we do not consider the question, discussed to some extent in the briefs, namely, whether an action for contribution is one at law or in equity. Mandamus is not available as a remedy in review.

Let the writ of mandamus issue as prayed, commanding and requiring respondent to proceed and determine the cause upon the record submitted to him, the same as though the order granting a new trial had not been made. No statutory costs will be allowed.

HALLAM, J. (dissenting.)

I dissent: The order of the trial court, while in form the granting of a new trial, is nothing more or less than an order directing a trial by jury on the ground that the court had no power to try the case in any other manner. The opinion holds that the court

could not do that without going to the end of the case, that is, to a decision. It seems to me the court was not obliged to do this. Of what use is a decision, if the court is now right in the position that it was beyond his power to try the case without a jury? If the trial court was without such power, this court is asked to mandamus him to make a decision which we must later mandate him to vacate. I am unwilling to admit that the processes of the law require us to command the trial court to perform so useless a ceremony. Suppose, for example, the trial court had discovered his want of power to try the case early in the trial. Under the rule of this decision, must he not nevertheless go through to the end however long it may take?

The mandamus to the trial court is a direction that he is on a one way road. If he is on the wrong road, the traffic rules forbid him to turn around or back up. He must be commanded to go to the end of the road, there to find a command to turn back and retrace his steps to the point of beginning. With this practice I do not agree.