STATE EX REL. H. E. BYRAM AND OTHERS v. ALBERT
JOHNSON AND ANOTHER.
IN RE COOK v. BYRAM.[1]

December 30, 1927.

Nos. 26,625, 26,626.

**Writ of prohibition.**
  *Held*: (1) Writ of prohibition may issue where court is exceeding
its legitimate powers in a matter over which it has jurisdiction, if no
other speedy and adequate remedy is available. [Reporter.]
  (2) When order requires motion for new trial to be submitted to
trial judge outside his district, against the protest of one of the parties,
a writ of prohibition should issue. [Reporter.]

Motions and Orders, 42 C. J. p. 473 n. 55.
Prohibition, 32 Cyc. p. 604 n. 32; p. 606 n. 41.

Order to show cause, issued by this court and directed to the re-
spondents, requiring them to show cause why the Honorable Albert
Johnson as judge of the first judicial district should not be pro-
hibited from hearing, outside of his own district, the motion for a
new trial of the respondent N. D. Cook pending in said district.
Writ of prohibition ordered.

*F. W. Root, C. O. Newcomb* and *A. C. Erdall,* for relators.
*Tautges, Wilder & McDonald,* for respondents.

PER CURIAM.
N. D. Cook brought an action against H. E. Byram, Mark W.
Potter and Edward J. Brundage as receivers of the Chicago, Mil-
waukee & St. Paul Railway Company to recover damages for per-
sonal injuries. The action was brought in the county of Goodhue
in the first judicial district and was tried in that county before a
judge of that district. The plaintiff gave notice of a motion for
a new trial to be heard before the trial judge at the county seat
of Goodhue county where he resided. For reasons not necessary to

[1]Reported in 217 N. W. 351.

state the motion was not heard at the time originally fixed therefor, but was to be heard at a time to be designated later. Before it was brought on for hearing, the judge sustained an injury in an automobile accident and entered a hospital in the city of St. Paul in the second judicial district for treatment. Thereafter, upon the application of the plaintiff, the judge made an order requiring the parties to appear before him at this hospital at a specified time and there submit the motion. Upon the service of this order, the defendants procured orders from this court requiring the judge and the plaintiff to show cause why the judge should not be prohibited from hearing the motion outside his own district. The matter has been submitted upon the return made to these orders and both parties have filed exhaustive briefs.

Two questions are presented: (1) Whether the statute permits a judge to order the parties to appear before him at a place outside his own district for the purpose of presenting and submitting such a motion; and (2) if it does not, whether a writ of prohibition may issue restraining him from proceeding under such an order.

The constitution (art. 6, § 4) provides that the legislature shall divide the state into judicial districts, and that one or more judges shall be elected in each district who shall "have and exercise the powers of the court under such limitations as may be prescribed by law." This authorizes the legislature to impose limitations upon the manner in which district judges shall exercise their judicial powers.

Section 9247, G. S. 1923, provides:

"All motions of which notice is required to be given shall be made within the judicial district;"

and further provides,

"that in any county having two special terms of court each month, all motions in actions pending therein shall be made in such county."

This section also provides that under certain circumstances not here material motions may be made before a judge of an adjoining district.

The next section, 9248, provides:

"Motions of which notice is not required to be given may be heard and granted by a judge of the district at any place within the state."

By these two sections the legislature has made it clear that motions before the trial court upon which the adverse party is entitled to be heard must be made within the judicial district in which the action is pending; and that only ex parte motions or applications may be made outside that district. The intention of the legislature is further indicated by § 9290, which provides that issues of law may be brought on for argument at any place within the district designated by the judge. The statutes provide that where certain specified conditions exist motions may be heard outside the district by the judge of another district, but those provisions are not involved in the present proceeding. The question here is whether the trial judge may proceed to hear and determine a motion for a new trial at a place outside his own district against the protest of one of the parties. In hearing such a motion he is not acting as a judge at chambers but as a court. The statute requires it to be heard within the district, and the court is without power to require it to be heard elsewhere. 42 C. J. 473. Although not directly in point see Flowers v. Bartlett, 66 Minn. 213, 68 N. W. 976; and Bell v. Jarvis, 98 Minn. 109, 107 N. W. 547, 8 Ann. Cas. 938. It could doubtless be heard outside the district by consent, but here there was no consent.

Whether a writ of prohibition is the proper remedy is a more doubtful question. The court had jurisdiction of the subject matter and of the parties; and ordinarily errors are to be corrected by a review in the action itself. But the order in question is not appealable; and, if a new trial should be granted on the ground specified in the motion, the order granting it would also not be appealable, and the defendants in the action would be required to retry the cause before they could have a review of the order in question. A writ of prohibition may issue where the court is exceeding its legitimate powers in a matter over which it has jurisdiction if no other speedy and adequate remedy is available. 5 Dunnell, Minn. Dig.

(2 ed.) § 7845, and cases cited, particularly State ex rel. Roberts v. Hense, 135 Minn. 99, 160 N. W. 198; see also 22 R. C. L. 19. We think that under the circumstances the remedy by appeal in the action itself is neither speedy nor adequate and that a writ of prohibition should issue.

So ordered.