# LOUIS GINSBERG v. CARLE DeWAYNE WILLIAMS.

135 N. W. (2d) 213.

March 26, 1965—No. 39,189.

*Miley, Narveson, Nord & Webster* and *David W. Nord,* for appellant.

*Dorfman, Rudquist, Jones & Ramstead* and *Steven Z. Lange,* for respondent.

ROGOSHESKE, JUSTICE.

On February 12, 1962, plaintiff commenced an action for damages arising out of an accident occurring on October 30, 1959, when defendant ran into the rear of his automobile. Following trial, which involved well-defined and sharply disputed issues of fact, the jury, on June 10, 1963, found for defendant. The next day, plaintiff moved for judgment n. o. v. or a new trial.[1] On June 17 defendant waived costs, and judgment was entered. Two days later, the court heard oral argument on plaintiff's post-trial motion, and on July 5 entered an order denying judgment n. o. v. and granting plaintiff a new trial. The part of the order granting a new trial stated:

"IT IS FURTHER ORDERED, that said motion for an order granting a new trial herein, in the interests of justice, be, and the same hereby is, granted."

The judgment was not expressly vacated; the grounds assigned in plaintiff's motion are not referred to in the order; and no explanatory memorandum is attached. Defendant sought review of the order by filing an appeal. While the appeal was pending, defendant secured from this court an order to show cause why the trial court should not be prohibited from enforcing the order for a new trial because plaintiff, before oral argument, moved to dismiss the appeal upon the ground that the order was nonappealable. At oral argument, defendant conceded that the order, although in effect one vacating the judgment, is no longer appealable under the revision of our Civil Appeal Code enacted by the 1963 legislature.[2]

---

[1] The grounds assigned in the motion for a new trial were:

"1. That the verdict is not justified by the evidence and is contrary to law.

"2. That the verdict of the jury for the defendant is manifestly contrary to the weight of the evidence.

"3. That the evidence is insufficient to justify a verdict for the defendant.

"4. That the court's charge as a whole tended to overstress the issue of contributory negligence, which was not correctable by further instruction."

[2] L. 1963, c. 806.

1. We are constrained to reach the same conclusion and to so hold. Whenever appellate review has been sought as of right, we have adhered to the rule that such right is purely statutory; hence, where the issue of appealability has been raised, we have considered compliance with the statutes enumerating those cases in which an appeal may be taken as a jurisdictional prerequisite to the right of appeal.[3]

In 1913, the right to appeal from an order granting a new trial, formerly authorized without qualification, was narrowly limited. Since Spicer v. Stebbins, 184 Minn. 77, 237 N. W. 844, decided in 1931, and the 1945 amendment to Minn. St. 1941, § 605.09, apparently provoked thereby, an order granting a new trial consistently has been held nonappealable unless based exclusively upon errors of law occurring at the trial.[4] Where, however, an order granting a new trial vacates a judgment, the order has been appealable as an order vacating a judgment. The source of this rule is Minn. St. 1961, § 605.09(3), of our Civil Appeal Code, which from 1856 until the 1963 revision provided that an appeal may be taken "[f]rom an order involving the merits of the action or some part thereof."

---

[3]See, e. g., Rodgers v. Steiner, 206 Minn. 637, 289 N. W. 580, 24 Minn. L. Rev. 859; Muggenburg v. Leighton, 240 Minn. 21, 60 N. W. (2d) 9; Laramie Motors, Inc. v. Larson, 253 Minn. 484, 92 N. W. (2d) 803; Morey v. School Bd. of Ind. School Dist. No. 492, 268 Minn. 110, 128 N. W. (2d) 302. But see, Koenigs v. Werner, 263 Minn. 80, 84, 116 N. W. (2d) 73, 76, where "observations" were expressed on the merits of an order granting a new trial notwithstanding its nonappealability to obviate "further expense and litigation," and Smith v. Illinois Cent. R. Co. 244 Minn. 52, 68 N. W. (2d) 638, where we rejected arguments that limiting appeals of right by statute was violative of our constitutional provisions pertaining to the division of powers (Minn. Const. art. 3, § 1) and to the appellate jurisdiction of this court (art. 6, § 2). These cases tend to emphasize the view that appeals pursuant to statute are rights granted to litigants by the legislature, not limitations on the "appellate jurisdiction of this court [which] is not derived from the legislature, but from the constitution (article 6, § 2)." Kroning v. St. Paul City Ry. Co. 96 Minn. 128, 129, 104 N. W. 888.

[4]Anderson v. Gabrielson, 267 Minn. 176, 126 N. W. (2d) 239; Satter v. Turner, 257 Minn. 145, 157, 100 N. W. (2d) 660, 668.

This provision was used as a general "catch-all" under which a substantial variety of orders was held appealable.[5] Among them was an order vacating a judgment. In the leading and early case of People's Ice Co. v. Schlenker, 50 Minn. 1, 2, 52 N. W. 219, Mr. Justice Mitchell declared:

"That an order vacating a judgment is appealable as 'an order involving the merits of the action' is no longer an open question in this court. A final judgment determines the rights of the parties to the action, and any order which vacates or modifies it necessarily affects the legal rights of the party in whose favor it is, and hence 'involves the merits of the action.' "

Since Noonan v. Spear, 125 Minn. 475, 147 N. W. 654, it has also been settled that the effect of an order granting a new trial after entry of judgment is to vacate the judgment, and that result follows even though the motion for a new trial did not formally request it.[6]

---

[5]E. g., Curran v. Nash, 224 Minn. 571, 29 N. W. (2d) 436, 174 A. L. R. 411 (order overruling special appearance to object to jurisdiction); Lowe v. Nixon, 170 Minn. 391, 212 N. W. 896 (order striking part of a pleading); Baer v. Waseca Milling Co. 143 Minn. 483, 171 N. W. 767 (order to make a pleading more definite and certain); Chadbourne v. Reed, 83 Minn. 447, 86 N. W. 415 (order striking case from calendar so as to determine that it could never be tried in that court); Rogers v. Greenwood, 14 Minn. 256 (333) (order setting aside stipulation for dismissal); Levi v. Longini, 82 Minn. 324, 84 N. W. 1017 (order of district court vacating its order affirming order of probate court determining that probate court had no jurisdiction); Kelly v. Anderson, 156 Minn. 71, 194 N. W. 102 (order refusing to vacate an unauthorized judgment); Elsen v. State Farmers Mutual Ins. Co. 217 Minn. 564, 14 N. W. (2d) 859 (order vacating an order of dismissal pursuant to a settlement); People's Ice Co. v. Schlenker, 50 Minn. 1, 52 N. W. 219 (order vacating a judgment); Schuster v. Schuster, 84 Minn. 403, 87 N. W. 1014 (order granting attorneys' fees in divorce action); Edelstein v. Levine, 179 Minn. 136, 228 N. W. 558 (order refusing to dismiss a motion for a new trial when such motion is made after time to move for new trial has expired). See, Cunningham, *Appealable Orders in Minnesota,* 37 Minn. L. Rev. 309, 323 to 336.

[6]See, also, Ayer v. Chicago, M. St. P. & P. R. Co. 189 Minn. 359, 249 N. W. 581.

Thus, as in Ayer v. Chicago, M. St. P. & P. R. Co. 189 Minn. 359, 249 N. W. 581, upon an appeal held properly allowed from an order granting a new trial, which in effect vacated a judgment, the merits of the order granting a new trial were fully reviewable.

The appeal here attempted is from an order which in effect vacated the judgment. Since the order was made after the effective date of the 1963 revision of the appeal code, defendant's right to appeal is governed thereby.[7] Clearly, the merits of the order granting a new trial would be reviewable under our prior holdings were it not for the changes made by the 1963 revision of our Civil Appeal Code. For reasons which we can only surmise, § 605.09(3) was not reenacted as part of the revision. Thus, the statutory basis upon which this type of order was held appealable as of right no longer exists.

In revising the code, the legislature adopted in large part the proposals made by the Minnesota Judicial Council in a report published in 1958. After several years of intensive study, the council approved and recommended a draft of a revised code prepared by its Committee on Appellate Practice and Procedure. Among its proposals were the restoration of the unqualified right to appeal from an order granting a new trial and the addition of the following new paragraph:

"The Supreme Court, in the interest of convenience and furtherance of justice and upon the petition of a party, may allow an appeal from any other order, except an order made during trial."[8]

The latter proposal was designed to enable this court, in its discretion and pursuant to rules promulgated by the court, to entertain—

"* * * an immediate appeal from any order other than:

"1.  Orders otherwise appealable

---

[7]The revision became effective May 22, 1963. Although we recently reiterated in Blomberg v. Tschida, 269 Minn. 61, 130 N. W. (2d) 237, that an order vacating a judgment is appealable, the appeal from the order in that case was taken on February 5, 1963, and the effect of the amendment of Minn. St. 1961, § 605.09, was not presented.

[8]Report of Minnesota Judicial Council, Civil Appeal Code Final Draft, Minn. Sess. Law Serv. 1958, No. 1, p. 21.

"2.  Orders made during the course of a trial."[9]

Since this proposal would have authorized discretionary review of many orders held appealable under Minn. St. 1961, § 605.09(3), the drafting committee recommended that § 605.09(3) be repealed. The legislature refused to accept either proposal and, in revising the code, re-enacted the former § 605.09(4), now coded as Minn. St. 605.09(d), which limits an appeal from an order granting a new trial to only such orders as are based exclusively on errors of law occurring at trial. The legislature did not, however, reenact the language of § 605.09(3). The effect of this omission, whether through inadvertence or otherwise, is to again limit the statutory right to appeal from an order granting a new trial to orders based exclusively upon errors of law occurring at the trial, and also to abolish any right to appeal from an order vacating a judgment. While we firmly believe that the proposals urged by the Judicial Council would best serve the administration of justice, we feel constrained under the circumstances to hold that the statutory right to appeal from the order before us no longer exists.

2.  Defendant seeks review upon the ground that the court exceeded its power or jurisdiction in granting a new trial for a cause not authorized by Rule 59.01, Rules of Civil Procedure. Since the order is nonappealable, defendant argues that if the court is not restrained from enforcing the order he will suffer injury for which he has no other adequate legal remedy, and therefore prohibition lies.

Although the extraordinary remedy of prohibition was once limited to cases where the court lacked jurisdiction of the person or subject matter, it is now established that it will issue as well to restrain a court from exceeding its legitimate powers in a matter over which the court has jurisdiction when there is no other speedy or adequate remedy available.[10] As the wording of the order indicates that it was not

---

[9]Ibid.

[10]State ex rel. Byram v. Johnson, 173 Minn. 271, 217 N. W. 351; State ex rel. Stenstrom v. Wilson, 234 Minn. 570, 48 N. W. (2d) 513; State ex rel. Hierl v. District Court, 237 Minn. 456, 54 N. W. (2d) 5. See, also, Riesenfeld, Bauman & Maxwell, *Judicial Control of Administrative Action By Means of the Extraordinary Remedies in Minnesota*, 36 Minn. L. Rev. 435, 443.

based upon a cause expressly authorized by Rule 59.01, and since it was doubtful that an immediate review of the order by appeal existed, we issued an order to show cause why a writ of prohibition should not issue. Inasmuch as the defendant challenges the order solely on the ground that it is beyond the power of the court, and the remedy by an appeal after retrial is neither speedy nor adequate, we are of the opinion that prohibition under the rule above expressed is clearly available to test the narrow question of the court's power to grant a new trial "in the interests of justice."

3. Eight grounds or causes upon which a new trial may be granted are specifically set forth in Rule 59.01.[11] In addition, a new trial may be granted under Rule 49.02 where answers to interrogatories are inconsistent with each other and with a general verdict and under Rule

---

[11]Rule 59.01 provides: "A new trial may be granted to all or any of the parties and on all or part of the issues for any of the following causes:

"(1) Irregularity in the proceedings of the court, referee, jury, or prevailing party, or any order or abuse of discretion, whereby the moving party was deprived of a fair trial;

"(2) Misconduct of the jury or prevailing party;

"(3) Accident or surprise which could not have been prevented by ordinary prudence;

"(4) Material evidence, newly discovered, which with reasonable diligence could not have been found and produced at the trial;

"(5) A transcript of the proceedings at the trial cannot be obtained;

"(6) Excessive or insufficient damages, appearing to have been given under the influence of passion or prejudice;

"(7) Errors of law occurring at the trial, and objected to at the time or, if no objection need have been made under Rules 46 and 51, plainly assigned in the notice of motion;

"(8) The verdict, decision, or report is not justified by the evidence, or is contrary to law; but, unless it be so expressly stated in the order granting a new trial, it shall not be presumed, on appeal, to have been made on the ground that the verdict, decision, or report was not justified by the evidence.

"On a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct entry of a new judgment."

63.01 upon the disability of the presiding judge. Although the grounds enumerated are comprehensive in scope and vest broad discretionary power in the trial judge to grant new trials to prevent injustice, none authorizes a new trial solely "in the interests of justice." The question thus arises whether or not the grounds enumerated are exclusive and therefore jurisdictional in the sense of placing a limitation on the power of the trial court to grant a new trial.

Since Rule 59.01 superseded a prior statute,[12] the case law interpreting that statute is relevant. Perhaps because of the limited appealability of orders granting a new trial, few cases have considered whether a new trial may be granted upon a ground other than those enumerated by the statutes. None of the cases we have been able to find appears to be decisive.

Valerius v. Richard, 57 Minn. 443, 59 N. W. 534, relied upon by defendant, was a case in which plaintiff moved for a new trial alleging errors of law to which he had taken no exception when they occurred, as was necessary at that time. The court said (57 Minn. 447, 59 N. W. 535):

"The majority are of the opinion that, in civil actions, the power of the court to grant new trials is limited to the grounds prescribed in section 253, and that new trials for errors of law can only be granted when an exception has been taken. The statutory grounds for new trials are exclusive."

Despite the broad language discussing the power of the court, and the dissent which urged that the common-law power to grant a new trial for the simple reason that the judge was dissatisfied with the verdict had not been eliminated by the statute, Valerius may have been intended to declare only that it was error to grant a new trial where no exceptions had been taken to errors of law occurring at trial.[13]

---

[12]The grounds specified are with one exception taken verbatim from Minn. St. 1949, § 547.01, superseded thereby. The one exception is Rule 59.01(5) authorizing a new trial where a transcript is unavailable. The grounds differ only in minor details from those specified in Rev. Stat. [Terr.] 1851, c. 71, § 59.

[13]The case was cited for that proposition in Farris v. Koplau, 113 Minn. 397, 129 N. W. 770.

Peterson v. Lundquist, 106 Minn. 339, 119 N. W. 50, held that failure of a court reporter to furnish a transcript to the defeated party was not a ground for a new trial. At that time, such failure was not a statutory ground. The basis of the decision appears to rest upon the reasoning that inability to obtain a transcript was not an "irregularity in the proceedings of the court" within the contemplation of that statutory ground rather than upon the lack of power in the court. However, the court did observe that (106 Minn. 341, 119 N. W. 50)—

"* * * it would be a dangerous rule to hold that a loss of some of the records in a particular case was a good and sufficient reason for granting a new trial. The statutes do not authorize it, and the court should not open the gate to a new field for prolonging litigation."

The inference appears to be that the statutory grounds were regarded as exclusive.

Plaintiff places great reliance on Bank of Willmar v. Lawler, 78 Minn. 135, 80 N. W. 868. It was there held that, even though no statute expressly authorized it, the court had inherent power to grant a new trial on its own motion in an aggravated case where the trial court specified that the verdict was manifestly against the weight of the evidence. But, as defendant points out, the decision was later limited to the facts of the case[14] and the holding rendered moot by Rule 59.05, which provides:

"* * * [T]he court of its own initiative may order a new trial *for any reason for which it might have granted a new trial on motion of a party, and in the order shall specify the grounds therefor.*" (Italics supplied.)

Moreover, Lawler is easily distinguishable, for the new trial was granted upon a ground expressly authorized by statute and the ground therefor was specified in the court's order, which was dictated into the record immediately following receipt of the verdict.[15]

---

[14]Farris v. Koplau, 113 Minn. 397, 129 N. W. 770; Stebbins v. Martin, 121 Minn. 154, 140 N. W. 1029.

[15]See, also, Todd v. Bettingen, 102 Minn. 260, 113 N. W. 906, 18 L. R. A. (N.S.) 263, approving the quoted language of the Valerius case.

After 1913, when an appeal from an order granting a new trial was limited to errors of law occurring at the trial, Mingo v. Holleran, 153 Minn. 521, 191 N. W. 416, 7 Minn. L. Rev. 423, was decided. Defendant claims that it directly raised the question of the court's power to grant a new trial. In that case, after a complete court trial, the court, reversing itself and without express statutory authority, ordered a new trial by jury, acknowledging that an error was committed in refusing a jury trial. Mandamus was issued to compel the court to decide the case upon the ground that the court had no authority to grant a new trial on its own motion for errors of law, the court observing (153 Minn. 523, 191 N. W. 416):

"* * * If that order was valid as within the authority of the court, it must stand, for it cannot be reviewed in this manner; if a valid order, it was appealable and that and not mandamus is the proper remedy. But the order was without authority and ineffective."

As it had done earlier,[16] the court distinguished the Lawler case as being limited to flagrant cases involving insufficiency of the evidence.

It must be acknowledged that the emphasis was directed to the scope of the writ.[17] However, it is arguable that the decision also recognized that the court's power to grant a new trial was limited by statute even though the court did not reach the question of whether the grounds enumerated by the statute were exclusive.

Our research discloses no case which has directly held that the court's power to grant a new trial is limited to the grounds enumerated in the rules or the statutes superseded thereby. Nevertheless, it is our opinion that such is the implication of the cases discussed and the intention underlying the prior statutes and our present rules. We reach this conclusion for several reasons. The causes enumerated in Rule 59.01 are so comprehensive that they include every conceivable reason for which a new trial ought to be ordered. Those causes requiring the exercise of discretion, such as 59.01(1) (irregularities depriving the moving party of a fair trial) and 59.01(8) (insufficiency of the

---

[16]See footnote 14, *supra.*

[17]See, State ex rel. Weiss v. Moriarty, 203 Minn. 23, 279 N. W. 835.

evidence), vest the broadest possible discretionary power in the trial court. To permit granting a new trial "in the interests of justice" would invite an arbitrary exercise of power over which appellate review is not now available. Even if it were, it would be difficult to fashion any effective rules to control arbitrary action since the basis for such an order would necessarily be subjective, varying from judge to judge. Further, each of the causes enumerated is designed to promote justice and prevent injustice. It is one thing to order a new trial "on the ground that on the evidence substantial justice has not been done"[18] or in the interest of justice on the ground that the evidence does not justify the verdict, and quite another thing to order a new trial simply "in the interests of justice." It is difficult to conceive how such a general ground would add anything to the grounds enumerated in our rules unless it is desirable to restore the common-law power of granting a new trial when the judge is personally dissatisfied with the verdict.

Finally, the statutory procedure to be followed in adopting or amending the rules of procedure persuades us to refrain from engrafting another ground onto Rule 59.01 by judicial construction. L. 1947, c. 498,[19] the enabling act vesting the rule-making power for the district and municipal courts in this court, directs that before any rule is adopted

---

[18]State v. Shevlin-Carpenter Co. 66 Minn. 217, 219, 68 N. W. 973, 974.

[19]Now coded as Minn. St. 480.051 to 480.058. Section 480.052 provides: "Before any rules are adopted the supreme court shall appoint an advisory committee consisting of eight members of the bar of the state and at least two judges of the district courts and one judge of a municipal court to assist the court in considering and preparing such rules as it may adopt."

Section 480.054 provides: "Before any rule for the district or municipal courts is adopted, the supreme court shall distribute copies of the proposed rule to the bench and bar of the state for their consideration and suggestions and give due consideration to such suggestions as they may submit to the court. The Minnesota State Bar Association, the District Court Judges Association or the Municipal Court Judges Association may file with the court a petition specifying their suggestions concerning any existing or proposed rule and requesting a hearing thereon. The court shall thereupon grant a hearing thereon within six months after the filing of the petition."

it shall first be considered by the court's advisory committee and notice and opportunity for a hearing be given to the bench and bar. These provisions contemplate this salutary procedure to insure that any changes should be carefully considered and should be made only when existing rules are found to be inadequate in general application. Surely this case does not demonstrate any compelling general need for a change in Rule 59.01 since a valid order could have been made under existing rules. Accordingly, we hold that the court had no power to grant a new trial for a cause not enumerated by the rules and that the order is therefore ineffective and void.

One final problem remains. In the return of the trial court invited by the order to show cause, it is stated:

"* * * It was my opinion as the Trial Court having presided at the trial of the case that the verdict in favor of the defendant was not justified by the evidence and therefore plaintiff was entitled to a new trial. Perhaps the language of my Order could have been more clear. I felt that the verdict not having been justified by the evidence, in effect, was a miscarriage of justice, and in the interests of justice I was required to grant a new trial."

The question arises as to whether the order, being void on its face, can be redeemed by this collateral explanation, which indicates that the basis for granting the new trial was intended to be the insufficiency of the evidence—a cause authorized by Rule 59.01(8).

The premise upon which the order to show cause was issued was "that defendant claims that the Order entered by the Trial Court on July 5, 1963 granting a new trial to the plaintiff is beyond the Court's power." It invited the trial judge and the plaintiff to "file such return and brief or argument as may be appropriate in the premises," and specifically provided that, pending the hearing and determination, the order to show cause "shall not operate in any manner as a restraining Order upon" the trial judge or plaintiff.

Thus, while the return permitted the court to justify the order made, it cannot be regarded as an amendment to the order or as a memorandum made a part thereof. Even though we might now desire to look upon the wording of the order, in the light of the collateral explanation,

as a mere inadvertence or oversight, we are of the opinion that we could not do so without doing violence to the scope of review in a prohibition proceeding and without authorizing prohibition to be used as a procedure whereby a challenged order could be indirectly amended and made valid. Moreover, if the wording of the order were a mere oversight or omission, it could have been amended during the pendency of the appeal. Under Rule 60.01, prior to appeal the trial court possesses power to correct clerical mistakes and errors arising from oversight or omission "of its own initiative or on the motion of any party"[20] and, during the pendency of an appeal, it can do so by leave of this court. Perhaps the order might have been corrected without such leave after the order to show cause was issued. The fact that such was not done tends to support defendant's assertion that the order was one which the court erroneously concluded it had power to make.

For these reasons we conclude that the return cannot validate an order which, when made, was a nullity.[21] It follows that the order must be declared void and the trial court is hereby prohibited from enforcing it.

MURPHY, JUSTICE (concurring specially).

I agree with the result.

### ON PETITION FOR REARGUMENT.

On May 21, 1965, the following opinion was filed:

PER CURIAM.

It appears from plaintiff's petition that during the pendency of the appeal and upon the hearing for the issuance of the writ of prohibition, plaintiff's counsel made an oral, informal request to remand for the purpose of permitting the trial court to amend its order, but that such request was not acted upon nor further pursued. Defendant does not

---

[20]E. g., Anderson v. Gabrielson, 267 Minn. 176, 126 N. W. (2d) 239.

[21]In reaching this conclusion we are mindful, as plaintiff insists and the record indicates, that the evidence was not manifestly and palpably in favor of the verdict and that, under the rule of Hicks v. Stone, 13 Minn. 398 (434), it would not be an abuse of discretion to grant a new trial for insufficiency of evidence to sustain the verdict if the order so specified.

deny that this request was made. Plaintiff by his petition requests a declaration of the status of his motion for a new trial.

Since we held the order to be a nullity, the motion has not been decided and must, therefore, be considered pending before the trial court for such disposition as the court deems proper.

Petition for reargument denied.