BROR NOREN v. WM. J. HANKEE, *d.b.a.* W. J. HANKEE COMPANY.[1]

March 5, 1954.

No. 36,170.

*Meagher, Geer, Markham & Anderson* and *O. C. Adamson II,* for appellant.

*Linus J. Hammond* and *Cummins, Cummins, Hammond & Ames,* for respondent.

PER CURIAM.

Action is brought by plaintiff to recover for personal injuries allegedly caused by the negligence of defendant's employees. The jury

[1] Reported in 63 N. W. (2d) 43.

returned a verdict for defendant and plaintiff moved for a new trial. Defendant appeals from the trial court's order granting plaintiff's motion for a new trial.

At the time of the oral argument we questioned the appealability of the order, and subsequently, we requested briefs on the issue of its appealability.

M. S. A. 605.09 provides in part as follows:

"An appeal may be taken to the supreme court by the aggrieved party in the following cases:

\* \* \* \* \*

"(4) \* \* \* from an order granting a new trial if the court expressly states therein, or in a memorandum attached thereto, that the order is based exclusively upon errors of law occurring at the trial, and upon no other ground; and the court shall specify such errors in its order or memorandum, \* \* \*;"

In the instant case, the trial court's order, after reciting the fact that plaintiff moved for a new trial on the usual statutory grounds and particularly on the ground of claimed errors of law occurring at the trial, detailed the claimed errors of law, stated that it was error to have admitted certain evidence over plaintiff's objection, and concluded:

"For the reasons here given,

"It is hereby ordered that the verdict of the jury heretofore entered in favor of the defendant is in all respects set aside, and a new trial granted to the plaintiff."

We have recently considered § 605.09(4) in Von Bank v. Mayer, 239 Minn. 492, 495, 59 N. W. (2d) 307, 308, where we said:

"\* \* \* Either the statutory language must be set forth in the order or memorandum and the alleged errors of law specified or it must clearly appear that the new trial was granted exclusively upon specified errors of law occurring at the trial and upon no other ground. It must clearly appear that no element of judicial discretion was exercised. If there is the slightest doubt at all, the order is not appealable."

While it may be a fair inference that "For the reasons here given" refers to the error of law discussed in the preceding paragraph of the trial court's order, it is by no means clear—as it must be—that it refers exclusively to this error of law and not the other alleged grounds for a new trial as well. Since the other grounds asserted included appeals to judicial discretion, it is our opinion that the order does not comply with the provisions of § 605.09 (4) and, therefore, is not appealable.

Appeal dismissed.