MARY VIOLET RITA DUBOIS, BY HER GUARDIAN AD LITEM, FRANCIS DUBOIS, v. EZRA E. CLARK.

93 N. W. (2d) 533.

November 28, 1958—No. 37,379.

*Stanley J. Mosio,* for appellant.
*Merlyn C. Green* and *Bundlie, Kelley & Maun,* for respondent.

THOMAS GALLAGHER, JUSTICE.

Action for personal injuries in which plaintiff received a verdict of $5,300. This is an appeal from an order setting aside the verdict and granting defendant a new trial solely on the ground of errors of law arising out of defendant's closing argument and certain of the court's instructions as follows:

By Mr. Green (defendant's counsel): "* * * Dr. Mateo [plaintiff's attending physician] says he referred this girl to Dr. Frank Babb. Who is Dr. Frank Babb? An orthopedic surgeon of some repute in the City of St. Paul, and of experience. * * * where is Dr. Babb? There is a medical privilege to the effect that the information between patient and doctor is confidential, and privileged. * * * I can't call Dr. Frank Babb, and put him on the witness stand and ask him what he found. The only one who can do that is this plaintiff, Rita Dubois. He didn't appear * * * and you ladies and gentlemen are entitled to assume from that that if Dr. Frank Babb were called * * * his testimony would be inconsistent with the claims of the plaintiff. * * *

\* \* \* \* \*

"Mr. Mosio [plaintiff's counsel]: Your Honor, I object to this type of argument as it is contrary to law.

"Court: Objection sustained. It is not the law.

"Mr. Green: Your Honor, may I cite you a case on it?

"Court: No, sir, I know it.

"Mr. Green: All right. Let that go."

On the charge to the jury, the trial court stated:

"When an injured person is treated by more than one doctor she need not call as witnesses all the doctors who treated her, and where she does not call all of the doctors who treated her there is no presumption of any kind against her arising from her failure to call all of the doctors who treated her."

At the close of the charge, exceptions to the foregoing were taken by

defendant's counsel as follows:

"* * * I will take exception to the comment about the lack of presumption of the failure to call the doctor. I think so far as stated that is the law, that no presumption arises. However, I would ask for a corrective instruction to the extent that an inference may arise, and that the jury may, if they choose, take into consideration the failure to call the other doctor who treated her.

"Court: The exceptions will be noted."

Subsequently, the trial court made an order granting defendant a new trial upon the sole ground that it had committed errors of law in requiring defendant to desist in his argument to the jury as to the effect of plaintiff's failure to call one of her attending physicians; and under such circumstances in charging the jury that no presumption of any kind arises against an injured person who does not call all of the doctors who treated her. In a memorandum attached to such order, the court stated:

"* * * While it is undoubtedly true that no legal presumption arises because of the failure of the plaintiff to call all of her attending doctors, the defendant has a right to legitimately comment upon that failure in his argument to the jury. Certainly if the defendant may comment upon the fact that the plaintiff exercised the right of privilege he should have the right to comment upon the failure of the plaintiff to produce all of the doctors. The manner in which the Court handled this situation probably created an improper impression in the minds of the jury, and the motion for a new trial is granted solely upon that ground."

Plaintiff contends that in calling Dr. Mateo she waived her right to claim privilege both as to his findings and those of Dr. Babb to whom Dr. Mateo had referred her for examination and that hence defendant's counsel was not authorized to comment upon the failure to call Dr. Babb since defendant might have called the latter on his own behalf. Defendant contends that, since plaintiff had not manifested an intention of waiving her privilege as to Dr. Babb, he was entitled to assume that such privilege would be exercised and hence his counsel might properly comment upon the inference to be drawn from such failure; and in addi-

tion defendant contends that, even if plaintiff had waived the privilege and left open the way for him to call Dr. Babb, nevertheless his counsel might still comment upon the inference to be drawn from plaintiff's failure to call him since it could be reasonably anticipated that Dr. Babb would not have been a friendly witness to defendant.

■ Careful examination of the order for new trial from which this appeal is taken compels the conclusion that it is a nonappealable order. The memorandum attached manifests that it was based upon grounds in which the court exercised its discretion rather than upon errors of law. It is evident therefrom that the court was convinced that the manner in which the closing arguments of defendant's counsel had been limited, when considered with the court's instructions on the issue then under discussion, left such counsel in an unfavorable light before the jury, and may have confused it as to the evidentiary effect of plaintiff's failure to call Dr. Babb. At the time the court sustained objections to this argument it charged the jury that counsel's statement on the question "is not the law" and foreclosed any further comments thereon. Subsequently, it charged to the jury that no presumptions arose from the failure to call Dr. Babb. It is apparent that later the court concluded that the combination of the two instructions may have conveyed to the jury the idea that defendant's counsel had been guilty of some deliberate misstatement as to the applicable law; that as stated in its memorandum: "The manner in which the Court handled this situation probably created an improper impression in the minds of the jury * * *." The motion for a new trial was granted solely upon that ground.

■ The instructions referred to were not fundamentally erroneous. While it is true that defendant could not have obtained the testimony of plaintiff's physician without plaintiff's waiver of privilege, since he did not know whether plaintiff would exercise her privilege, his statement that he could not "call Dr. Frank Babb, and put him on the witness stand and ask him what he found" was incorrect as the record then stood. Before plaintiff clearly manifested in some manner that the privilege was to be exercised as to Dr. Babb, no inference could be drawn as to his absence. Accordingly, the court's statement that the argument advanced, as stated, "is not the law" was not incorrect.

■ Likewise, when the trial court charged that "there is no presump-

tion of any kind against her [plaintiff] arising from her failure to call all of the doctors who treated her," the instruction was not erroneous. In Nelson v. Ackermann, 249 Minn. 582, 590, 83 N. W. (2d) 500, 506, we approved the trial court's instruction that the "failure to call these [plaintiffs'] doctors does not allow you to presume or to infer that the testimony of these doctors would have been unfavorable to the plaintiffs." There we held that where the privilege against an attending physician's testimony is asserted the jury should be permitted to know who is responsible for keeping out the evidence and counsel for the adverse party should be allowed to comment on his inability to examine such physicians. But here there was nothing either within or without the presence of the jury to establish that plaintiff intended to exercise her privilege as to Dr. Babb, and until such time as that intent was manifested, defendant's counsel was not authorized to comment upon the adverse inference to be drawn from his failure to appear.[1]

---

[1]This does not mean that a party examined by a physician and a number of medical specialists, as consultants, who has waived his privilege as to the examining physician should be required to call all such consulting specialists and waive his privilege as to the testimony of each in order to avoid risk of comment by opposing counsel as to the adverse inference to be drawn from their failure to be called. Nor should opposing counsel be compelled to subpoena them to ascertain if the privilege as to their respective findings is to be exercised before being entitled to comment on the adverse inferences arising from the failure to present their testimony. To avoid such difficulties and the expense involved in subpoenaing such witnesses, the party examined should take timely measures outside the jury's presence to advise the court and opposing counsel as to their names; the reason for not calling them; and that any privilege with respect to their findings was to be waived. Thereafter no comment as to the adverse inferences to be drawn because of their absence should be permitted. Should the court and opposing party be not thus advised and such witnesses be not called, it would then be proper for opposing counsel to make such comment without the necessity of first placing such witnesses on the stand to ascertain whether the privilege as to their testimony was to be exercised. Such procedure might be taken either in pretrial conferences, or, if trial has commenced, in chambers outside the hearing of the jury, but in sufficient time to permit opposing litigants, if they desire, to subpoena and present such witnesses for examination before trial is concluded.

From the foregoing it seems clear that the order for new trial was not based exclusively upon errors of law, but rather upon a discretionary conclusion, and hence that it is nonappealable. A somewhat analagous situation was presented in Anderson v. Jennie, 248 Minn. 369, 370, 372, 80 N. W. (2d) 41, 42, 44, where the order for new trial was made "solely and exclusively for errors of law occurring at the trial of said cause," but where the memorandum attached stated that the order was granted "in the interest of justice that doubt should be resolved in plaintiff's favor * * *." In holding such order nonappealable we stated (248 Minn. 373, 80 N. W. [2d] 44):

"From what the court stated in the memoranda it would appear that the court, notwithstanding the wording of the orders themselves, did exercise discretion in granting plaintiff a new trial; * * * 'in order not to foreclose the plaintiff from the opportunity of rebutting the defensive issue of contributory negligence' * * *. In any event, it cannot be said that it clearly appears that no element of judicial discretion was exercised. The appeal must, therefore, be dismissed."

See, also, Voller v. Schmitz, 236 Minn. 155, 52 N. W. (2d) 289; Von Bank v. Mayer, 239 Minn. 492, 59 N. W. (2d) 307.

Upon the authorities cited, the appeal herein is dismissed.