GEORGE KUBINSKI, TRUSTEE FOR HEIRS AND NEXT
OF KIN OF BERNARD KUBINSKI, v. PHILLIP
SPECKMAN.

113 N. W. (2d) 173.

January 12, 1962—No. 38,624.

*Thomas J. Burke* and *King & McGregor*, for appellant.
*Ray G. Moonan* and *John M. Fitzgerald*, for respondent.

THOMAS GALLAGHER, JUSTICE.

This is a motion to dismiss an appeal from an order granting a new trial on the ground that such order is not appealable. The order provides as follows:

"IT IS HEREBY ORDERED that said motion [for new trial] may be and hereby is granted and a new trial of the above entitled matter on all issues is hereby granted."

In a memorandum attached thereto, the trial court stated:

"The Court is of the opinion * * * that the evidence herein made an issue for the jury as to whether * * * defendant was negligent, and secondly, whether * * * if such negligence were found was it a superseding, intervening, efficient cause of the death of plaintiff's decedent. * * *

"The Court is further of the opinion that failure to instruct the jury on the elements that make up the concept of superseding, intervening cause was an error of fundamental law which should be corrected by

a new trial under the authority of Sowada v Motzko, 98 NW 2d 182 and Anderson v Mid Motors, Inc., 98 NW 2d 188."

Subsequently defendant moved for an order amending the above-described order so it would specify that the new trial ordered was for errors of law only. This motion was denied and thereafter notice of appeal from the first order, as indicated above, was duly served and filed by defendant.

■ We· are of the opinion that the motion· to dismiss the appeal should be granted. Minn. St. 605.09 provides as follows:

"An appeal may be taken to the supreme court by the aggrieved party in the following cases:

     \*    \*    \*    \*    \*

"(4) \* \* \* from an order granting a new trial if the court expressly states therein, or in a memorandum attached thereto, that the order is based exclusively upon errors of law occurring at the trial, and upon no other ground; and the court shall specify such errors in its order or memorandum \* \* \*."

In Weatherhead v. Burau, 237 Minn. 325, 54 N. W. (2d) 570, upon which defendant relies, this court held that:

"Where an order granting a new trial or a memorandum attached thereto expressly shows that it is granted exclusively upon errors of law occurring at the trial and upon no other ground involving the exercise of judicial discretion, the order is appealable, even though the exact language of M. S. A. 605.09(4) is not followed."

There the motion for new trial was based upon the action of the court in receiving a verdict after a member of the jury, upon being polled, had stated that, after the verdict had been signed by the jury foreman, she had changed her mind and that the verdict was not hers; the trial court granted a new trial upon the ground that the verdict was a nullity. In a memorandum attached to and made a part of its order, it stated (237 Minn. 326, 54 N. W. [2d] 570):

"The other assignments of error have been thoughtfully considered and are believed to be without merit. .

"The new trial is being granted on the sole grounds that the verdict in the opinion of the Court was a nullity."

There, subsequently the trial court upon motion amended its order so that it expressly stated (237 Minn. 326, 54 N. W. [2d] 570):

"The new trial is being granted on the sole ground that the verdict * * * was a nullity and * * * plaintiff's motion is granted exclusively upon that error of law * * *."

In refusing to dismiss the appeal from the order as amended, this court stated (237 Minn. 327, 54 N. W. [2d] 571):

"* * * It must appear that no element of judicial discretion was exercised. * * * The language used here * * * clearly shows that the new trial was granted exclusively upon errors of law occurring at the trial and effectively eliminates any grounds that might involve the exercise of judicial discretion."

■ In the instant case it seems clear that the order granting a new trial is distinguishable from that in Weatherhead v. Burau, *supra*. It specifically states that the new trial is granted "on all issues." The memorandum attached thereto does not appear to indicate that the new trial was granted on the sole grounds referred to therein. Nowhere is it stated that the new trial is granted "exclusively upon errors of law occurring at the trial." Had the trial court so intended to limit its order, presumably it would not have denied defendant's motion to amend it so that it would directly express such intent.

It would follow that this case is governed by the express language of § 605.09(4) and by numerous opinions of this court construing and interpreting this section, in all of which it is held that an order of this kind is nonappealable. Satter v. Turner, 257 Minn. 145, 100 N. W. (2d) 660; Laramie Motors, Inc. v. Larson, 253 Minn. 484, 92 N. W. (2d) 803; Anderson v. Jennie, 248 Minn. 369, 80 N. W. (2d) 41; McMillen v. Meyer, 246 Minn. 132, 74 N. W. (2d) 393; Von Bank v. Mayer, 239 Minn. 492, 59 N. W. (2d) 307.

The motion to dismiss the appeal is granted.