GARY GODEEN, BY EVELYN LINDGREN, GUARDIAN AD LITEM, v. JAMES G. BENNETT.
ADELINE BENNETT v. GARY GODEEN, BY EVELYN LINDGREN, GUARDIAN AD LITEM.

120 N. W. (2d) 867.

March 29, 1963—No. 38,631.

*Winston Ehlmann,* for appellant.
*Peterson & Holtze* and *Roger F. Karon,* for respondents.

KNUTSON, CHIEF JUSTICE.

This is an appeal from judgments entered pursuant to an order of the court granting judgment notwithstanding the verdict of a jury.

These actions arose out of a collision between an automobile owned and driven by appellant, Gary Godeen, and one owned and driven by respondent James G. Bennett in which his wife, respondent Adeline Bennett, was riding as a passenger. Action was commenced by Godeen against Bennett to recover for his personal injuries, in which Bennett counterclaimed for damages for personal injuries and property damage. Another action was commenced by Adeline Bennett against Godeen to recover for her personal injuries. The actions were consolidated for trial and have been consolidated for hearing in this court.

The collision occurred on August 7, 1959, at about 8:15 p. m., on the downgrade of a hill on State Highway No. 56 near its intersection with Spectacle Lake Road. At that point, Highway No. 56 runs approximately north and south. Spectacle Lake Road approaches Highway No. 56 from the west at the point of the collision, making a T-intersection. It does not cross the highway. The intersection is approximately 20 to 30 feet south of the crest of a hill.

Prior to the accident, appellant was traveling south on Highway No. 56. The Bennetts were traveling north on the same highway, intending to make a left turn to enter Spectacle Lake Road. While the parties gave conflicting versions of how the collision occurred, the outcome of this appeal depends largely on the testimony of Godeen. He testified that he knew the hill was dangerous; that about one-half mile back from

where the collision occurred he looked at his speedometer and was traveling at the rate of about 60 miles per hour; and that as he approached the intersection he reduced his speed to approximately 55 miles per hour. As to visibility, he testified that a couple hundred feet north of Spectacle Lake Road "you can see over the crest of the hill" but cannot see an approaching automobile if the automobile is down the slope where there is a hollow. He testified that he did not see the Bennett car until it was 80 to 100 feet from him and that it was then in his lane of travel; that the Bennett vehicle was traveling 10 to 15 miles per hour; that he applied his brakes but was unable to stop, so he turned toward the left side of the road and about the same time Bennett also turned his vehicle, attempting to get back in his own lane of travel; that they collided in the center of the highway, the right fenders of each car coming together; and that his own car came to a rest upside down. The Godeen car was found by an investigating officer in the east ditch about 85 paces south of the intersection. The Bennett car was found 10 to 15 feet south of the south edge of Spectacle Lake Road in the southbound lane.

At the point of the collision and immediately prior thereto, Highway No. 56 was posted for a speed limit of 60 miles per hour. The road conditions were good, and, while it was about 8:15 in the evening, the sun had not quite set so that some of the cars were proceeding without lights. Debris was found near the center of the road, and for the purposes of this decision it must be assumed that the collision occurred near the center of the road, with the Bennett car somewhat over the center in the wrong lane of travel.

The case was submitted to the jury on a special verdict. The jury found that Godeen was not guilty of negligence proximately causing the accident and that James G. Bennett was guilty of negligence which was the proximate cause of the collision. It found the amount of damages of each of the parties in the event they were entitled to recover. Thereafter, motions were made by the Bennetts for judgment notwithstanding the verdict and in the alternative for a new trial. The court originally granted the motions for judgment notwithstanding the verdict, setting aside the answer of the jury that Godeen was not guilty of negli-

gence and finding that he was and that his negligence proximately caused the accident. The court ordered that James G. Bennett recover his costs and that Adeline Bennett recover the amount of damages found by the jury. The trial court did not pass upon the alternative motions for a new trial. After an appeal to this court, we remanded the cases with instructions to the court to pass upon the alternative motions for a new trial. The court did so, denying the motions for a new trial as to both Bennetts, stating in his memorandums that he could see no reason why he should have to pass on the alternative motions in view of the fact that he had granted judgment notwithstanding.[1] Thereafter, the Bennetts moved the court to reconsider the motions, whereupon the court granted a new trial in the event the orders granting judgment notwithstanding were reversed by this court. The appeal is from the judgments.

Appellant contends (1) that the court was in error in granting judgment notwithstanding the verdict, and (2) that the court abused its discretion in granting a new trial if the orders granting judgment notwithstanding were to be reversed.

The court's orders granting judgment notwithstanding were based upon its conclusion that Godeen was guilty of negligence as a matter of law in approaching the hill crest at a speed of 55 miles per hour, knowing that it was a dangerous crossing in that there was an intersection a short distance south of the crest of the hill. The statute involved is Minn. St. 169.14, which as far as material reads:

"Subdivision 1. No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. In every event speed shall be so restricted as may be necessary to avoid colliding with any person, vehicle or other conveyance on or entering the highway in compliance with legal requirements and the duty of all persons to use due care.

\* \* \* \* \*

---

[1] The reason the trial court must pass on a motion for a new trial even though he grants the alternative motion for judgment notwithstanding the verdict is that Rule 50.02 of Rules of Civil Procedure requires that he do so.

"Subd. 3. The driver of any vehicle shall, consistent with the requirements, drive at an appropriate reduced speed when approaching and crossing an intersection or railway grade crossing, when approaching and going around a curve, when approaching a hill crest, * * *."

It is axiomatic that judgment notwithstanding the verdict may not be granted if there is room for a difference of opinion among reasonable persons as to whether negligence existed and whether it was a proximate cause of the collision. If, from the evidence, different inferences may be reasonably drawn, determination of the fact issue must be left to the jury. This principle is so well settled that it needs no citation of authority.[2]

It is the position of respondents that, based on appellant's own testimony, reasonable persons could not hold different opinions as to appellant's negligence due to the speed at which he was approaching the hill crest, knowing that it was a hazardous location.

We are of the opinion that Godeen's negligence and proximate cause presented jury issues. At and near the point of the accident Highway No. 56 was posted for a maximum speed of 60 miles per hour. The commissioner of highways could have posted the highway at this point for a lower speed if it had been determined that the speed of 60 miles per hour was dangerous. § 169.14. While the speed posted on a highway does not conclusively give the driver of an automobile the right to proceed at that speed regardless of existing hazards, it does have some bearing on determining the question of whether a driver is negligent. A driver may be found negligent even though he does not exceed the prima facie legal speed if he ignores existing hazards of the road,[3] but under these circumstances it ordinarily is a fact issue for the jury to determine whether he did exercise due care under the circumstances of the case.

Under § 169.19, subd. 4, the driver of an automobile may not make a left turn unless the movement can be made with reasonable safety. The driver of an automobile has a right to assume that the driver of

[2]See, Satter v. Turner, 257 Minn. 145, 100 N. W. (2d) 660.
[3]Hatley v. Klingsheim, 236 Minn. 370, 53 N. W. (2d) 123.

another automobile approaching him will remain on his side of the road until the contrary appears.[4] The only hazard existing in this case was the intersection on the other side of the crest of the hill. Under the above rules, until the contrary appeared, Godeen had a right to assume that automobiles approaching him would remain on their side of the highway and would not attempt a left turn until it could be done with reasonable safety. The Bennett car appeared before him on his side of the highway when he mounted the crest of the hill. Under these conditions, clearly a jury question appeared as to whether Godeen exercised that degree of care which was required of him.

Appellant contends that the order granting a new trial is appealable. It is the position of appellant that on an appeal from a judgment we have a right to review all intermediate orders. That question has been answered adversely in Satter v. Turner, 257 Minn. 145, 100 N. W. (2d) 660.[5] Unfortunately, the trouble with appellant's position is that the order granting a new trial does not come into play under Rule 50.02 of Rules of Civil Procedure until the order granting judgment notwithstanding the verdict has been reversed. When that is done, the judgment falls with it. It follows that under our appeal statutes as they now exist we have no power to review an order granting a new trial unless the order complies with § 605.09(4).

The order granting judgment notwithstanding the verdict is reversed. In view of the court's order granting a new trial the case must be remanded to the trial court for a retrial.

Reversed.

---

[4]Schmitt v. Emery, 211 Minn. 547, 2 N. W. (2d) 413, 139 A. L. R. 1242; Nash v. Christenson, 241 Minn. 164, 62 N. W. (2d) 800; Cook v. Person, 246 Minn. 119, 74 N. W. (2d) 389.

[5]See, also, Kubinski v. Speckman, 261 Minn. 475, 113 N. W. (2d) 173.