DOROTHY C. ANDERSON AND ANOTHER v. MARTIN C.
GABRIELSON AND ANOTHER.
OSCAR LUNDHAGEN, RESPONDENT.

126 N. W. (2d) 239.

January 3, 1964—No. 39,006.

*Miley & Narveson, David W. Nord,* and *K. L. Wallace,* for appellant.

*Johanson, Winter & Lundquist* and *Marvin E. Lundquist,* for respondent Lundhagen.

Otis, Justice.

The plaintiffs Anderson (hereafter designated plaintiff) recovered verdicts of $37,500 against defendants, Martin C. Gabrielson and Oscar Lundhagen, in an action arising out of a two-car collision in which

Dorothy Anderson was a passenger and each defendant a driver. There were no cross-claims between defendants.

The trial court denied Lundhagen's motion for judgment n. o. v. but granted him a new trial on the issue of liability only, "in the interests of justice." In response to a motion by Gabrielson to vacate that order or to specify the grounds on which it was based, it was amended on December 17, 1962, to add as a reason for granting the new trial "that the evidence does not sustain the verdict and is contrary to law." Subsequently judgment was entered in favor of plaintiff and against defendant Gabrielson who has appealed both from the order of December 17, 1962, granting his codefendant a new trial, and from the judgment against himself in favor of plaintiff. Plaintiff has not appealed.

The only matter now before us is a motion by defendant Lundhagen to dismiss codefendant Gabrielson's appeal from the order granting Lundhagen a new trial on the grounds (1) that the order is not appealable, and (2) that codefendant Gabrielson has no standing.

■ It is hornbook law that no appeal may be taken from an order for a new trial granted in the interests of justice and because the evidence does not sustain the verdict.[1] Unless the trial court limits the grounds to errors of law occurring at the trial, we cannot review its decision.[2]

Defendant Gabrielson seeks to avoid the effect of the statute by two routes. First, he contends that because he has appealed from plaintiff's judgment he is entitled to treat the order granting a new trial to his codefendant, Lundhagen, as a reviewable intermediate order in the proceedings between himself and plaintiff.[3] While this is a novel and

[1]Thompson v. Mann, 202 Minn. 318, 319, 278 N. W. 153; Smith v. Illinois Cent. R. Co. 244 Minn. 52, 68 N. W. (2d) 638; Satter v. Turner, 257 Minn. 145, 157, 100 N. W. (2d) 660, 668.

[2]Minn. St. 1961, § 605.09(4), (now amended by L. 1963, c. 806, § 8); Kubinski v. Speckman, 261 Minn. 475, 477, 113 N. W. (2d) 173, 174; Kelsey v. Chicago, R. I. & P. R. Co. 262 Minn. 219, 114 N. W. (2d) 90; Koenigs v. Werner, 263 Minn. 80, 83, 116 N. W. (2d) 73, 75; Block v. Hall, 263 Minn. 582, 116 N. W. (2d) 505; Poynter v. Albrecht, 266 Minn. 245, 249, 123 N. W. (2d) 355, 357.

[3]Minn. St. 1961, § 605.09(1). (Now amended by L. 1963, c. 806, § 8, effective May 22, 1963.)

ingenious argument, the fallacy in our opinion lies in regarding the disposition of Anderson's claim against Lundhagen as an integral stage in the proceedings by Anderson against Gabrielson. Although the plaintiff's claim against each defendant was litigated simultaneously, each nevertheless retained its identity. They were not so blended that we must treat the granting of a new trial in favor of Lundhagen as a step in the ultimate entry of judgment by Anderson against Gabrielson. Defendants assumed no adversary relationship against one another at the trial. We therefore hold that the order granting a new trial is not one which is an intermediate order within the meaning of the statute and hence is not appealable on that ground.[4]

■ Although no judgment was entered on the verdict in favor of Anderson against Lundhagen, Gabrielson would nonetheless have us treat the order granting Lundhagen a new trial as an order vacating a judgment, thereby rendering it appealable.[5] We rejected a similar contention in Satter v. Turner, 257 Minn. 145, 157, 100 N. W. (2d) 660, 668, where we were urged to adopt the position that the clerk's failure to enter judgment under Rule 58.01, Rules of Civil Procedure, did not deprive the order for a new trial of its appealable character. The Satter case here governs.

■ A third issue is whether defendant Gabrielson is an "aggrieved party" under Minn. St. 1961, § 605.09, with standing to question the propriety of the trial court's order determining rights between plaintiff Anderson and codefendant Lundhagen. Our decision hinges on whether or not Muggenburg v. Leighton, 240 Minn. 21, 60 N. W. (2d) 9, is applicable. There plaintiff sued three defendants, two of whom were held liable and the other exonerated. The codefendants did not assume an adversary position for any purpose at the trial. We held that under those circumstances the defendants who were found liable had standing to appeal the judgment in favor of their codefendant because the appealing defendants would otherwise lose their right to secure contribution. Clearly the Muggenburg case is not applicable where the

---

[4]Cf. Godeen v. Bennett, 265 Minn. 179, 184, 120 N. W. (2d) 867, 870.
[5]Foster v. Herbison Const. Co. 263 Minn. 63, 65, 115 N. W. (2d) 915, 916.

liability of a codefendant to plaintiff has not yet been conclusively adjudicated.

In the present posture of the relationship between plaintiff and Lundhagen there has been no final determination of liability. Hence, under any theory Gabrielson is now at liberty either to intervene, or to bring a separate action for contribution against Lundhagen, whether or not the plaintiff is content to satisfy the judgment by proceeding against Gabrielson without taking further action against Lundhagen.[6] If, on the other hand, plaintiff proceeds with a new trial against Lundhagen and secures a verdict, Gabrielson's right to adjudicate the contribution issue against Lundhagen is preserved. Only if a second trial results in a verdict or judgment in favor of Lundhagen, and Gabrielson has not meanwhile sought contribution against him by intervention or a separate suit, will a more difficult procedural problem arise. Under such circumstances it may be that Gabrielson's right to appeal will then mature unless we overrule American Motorists Ins. Co. v. Vigen, 213 Minn. 120, 5 N. W. (2d) 397, 142 A. L. R. 722, and determine at long last that an exonerated defendant is not immune from contribution to a codefendant found liable to a common plaintiff in a previous action.

The Muggenburg decision was made necessary by the rule adopted in the Vigen case. There we held that a defendant found liable in a negligence action was barred in subsequent proceedings from recovering contribution against an exonerated codefendant, notwithstanding the fact that the codefendants assumed no adversary relationship against one another in the original action.[7] In the Vigen case the court reasoned that contribution is based on joint liability, and none

---

[6]Minn. St. 548.19.

[7]The same problems in the instant case could have been obviated and a multiplicity of actions and appeals avoided had Gabrielson and Lundhagen cross-claimed for contribution. As matters now stand, even if the order granting Lundhagen a new trial were reversed, the question of contribution would be left unresolved. Coble v. Lacey, 257 Minn. 352, 358, 101 N. W. (2d) 594, 599. This suggests the advisability of amending Rule 14.01, Rules of Civil Procedure, to provide for compulsory cross-claims between codefendants.

having been established in the main action, an indispensable element of contribution was thereafter absent.

The Vigen decision has been criticized repeatedly as extending the doctrine of res judicata to parties who have not adversely adjudicated issues between themselves.[8] Although one codefendant may as a tactical matter shift the onus of negligence onto the other, neither has legal standing either to interfere in plaintiff's presentation against the other or to object to a settlement or dismissal affecting his codefendant. Furthermore, if a plaintiff chooses to sue joint tortfeasors separately in successive actions or in separate actions which are not consolidated, neither defendant is in a position in plaintiff's action against the other to prove joint responsibility as a basis for contribution.[9] All of the policy considerations advanced for confining the doctrine of res judicata to adverse parties obtain. Plaintiff may, either by conscious choice or inept prosecution, present a weak case against one defendant and a strong case against another, thereby fixing the rights between the codefendants without an opportunity for either to protect himself.

We conclude that the liability of Lundhagen to plaintiff having not yet been established, and defendant Gabrielson's right to press for contribution having thus been preserved, Gabrielson's appeal from the order granting Lundhagen a new trial is premature since the necessity for it may yet become moot.

The appeal from the order granting a new trial is dismissed.

---

[8]Bunge v. Yager, 236 Minn. 245, 253, 52 N. W. (2d) 446, 450; Bocchi v. Karnstedt, 238 Minn. 257, 261, 56 N. W. (2d) 628, 631; Mocuik v. Svoboda, 253 Minn. 562, 566, 93 N. W. (2d) 547, 550; Radmacher v. Cardinal, 264 Minn. 72, 75, 117 N. W. (2d) 738, 741; 37 Minn. L. Rev. 479.

[9]As an extreme example of the injustice which is theoretically possible under the Vigen rule, assume that A is injured in a collision between B and C, and A sues B alone without C's knowledge. B is exonerated and the time to appeal expires. If A subsequently sues C and obtains a judgment, under the Vigen rule C is barred from recovering contribution against B, although C had neither notice nor an opportunity to be heard in the litigation which foreclosed his rights.