WENDELL C. PETERSON AND ANOTHER v.
DENNIS M. SCHULTE.

166 N. W. (2d) 713.

March 28, 1969—No. 41007.

*Coulter & Nelson* and *Charles R. Coulter,* for appellants.
*Sorensen & Sorensen* and *Donald J. Sorensen,* for respondent.

Heard before Knutson, C. J., and Nelson, Rogosheske, Sheran, and Frank T. Gallagher, JJ.

PER CURIAM.

This is an action asserting claims and counterclaims resulting from an automobile collision. The jury found both drivers negligent and awarded plaintiff Wendell C. Peterson, husband of one of the drivers, a verdict for property damage to his automobile. Defendant was granted a new trial pursuant to the following order and memorandum, from which plaintiffs appeal:

"IT IS ORDERED:

"1. That the verdicts of the jury herein in the above-entitled action, tried together for the convenience of the Court and counsel, be and they are hereby set aside, annulled and voided; and

"2. That a new trial upon all issues in both actions is hereby ordered."

"MEMO

"The Court is ordering this new trial upon all issues because of statements of the Supreme Court suggesting that this is the proper thing to do rather than to order a new trial on a portion of the issues.

"The Court was led into error in not instructing upon the forfeiture of right-of-way, as counsel readily admits, because the attorney for Mr.

Schulte did not request it to be read, though the Court several times asked counsel to specify the sections which were given. In an attempt to cure this, the Court read all of the statutory instructions a second time and the second time included the forfeiture of right-of-way statute. Though the jury did not prove it by its verdict for the car owner in which they included thirty-three items [sic] of medical expense for the car owner's wife, nevertheless it was a superior jury and the Court regrets that a new trial seems best in the interest of justice. If counsel wish to limit the trial to questions of ownership, there is no reason why they cannot stipulate for that, but the Court feels that all issues should be tried in fairness to both parties."

The only issue is whether the order is appealable as a matter of right.

The applicable statute and rule are Minn. St. 605.09 and Rule 103.03, Rules of Civil Appellate Procedure. Minn. St. 605.09 provides in part:

"An appeal may be taken to the supreme court:

\* \* \* \* \*

"(e) From an order refusing a new trial, or from an order granting a new trial if the court expressly states therein, or in a memorandum attached thereto, that the order is based exclusively upon errors of law occurring at the trial, and upon no other ground; and the court shall specify such errors in its order or memorandum, but upon appeal, such order granting a new trial may be sustained for errors of law prejudicial to respondent other than those specified by the trial court."

Rule 103.03 is nearly identical.

Plaintiffs rely on Weatherhead v. Burau, 237 Minn. 325, 54 N. W. (2d) 570, and Ronningen v. Sonterre, 274 Minn. 138, 143 N. W. (2d) 53. In Weatherhead the court granted the new trial "on the sole grounds that the verdict in the opinion of the Court was a nullity." 237 Minn. 326, 54 N. W. (2d) 570. In an amended order the court added that the new trial was granted exclusively on an error of law occurring at the trial. We held that it was an appealable order although it did not follow the exact language of the statute. The Ronningen case turned on our determination that the new trial was granted solely because of two erroneous instructions.

We think what we said in Noren v. Hankee, 241 Minn. 379, 63 N. W. (2d) 43, is more nearly in point. There the lower court granted a new trial without reciting that it was exclusively for errors of law but nevertheless recited the errors which influenced its decision. We said it was a fair inference that the court had in mind errors of law referred to in its

order but it was "by no means clear" that there were not other grounds as well. 241 Minn. 381, 63 N. W. (2d) 44.

In the case at hand, the court alludes to what it characterizes as an error in initially failing to instruct the jury on forfeiture of right-of-way, prompting an additional instruction on that subject. Nowhere does the court suggest that its order was based solely on errors of law. On the contrary, the memorandum refers to "the interest of justice" and "fairness to both parties." In the light of the court's language, we are satisfied that the order was a discretionary one, and hence plaintiffs have no absolute right of appeal. Von Bank v. Mayer, 239 Minn. 492, 59 N. W. (2d) 307; Anderson v. Jennie, 248 Minn. 369, 80 N. W. (2d) 41; Dubois v. Clark, 253 Minn. 556, 93 N. W. (2d) 533; Block v. Hall, 263 Minn 582, 116 N. W. (2d) 505; Anderson v. Gabrielson, 267 Minn. 176, 126 N. W. (2d) 239; Ginsberg v. Williams, 270 Minn. 474, 135 N. W. (2d) 213; McCormack v. Hankscraft Co. Inc. 278 Minn. 322, 154 N. W. (2d) 488. The appeal is therefore dismissed.

Dismissed.