NESBITT, Judge.
This appeal arises out of a one-car accident that took place on the MacArthur Causeway in 1982. Leone Mathias, the owner and operator of the vehicle, was killed in the accident and her sole passenger, Marie Laurent, was injured. Laurent and Mathias’s personal representative, Andre Mathias, filed separate lawsuits against Uniroyal, Inc., to recover for their respective damages. Uniroyal was the manufacturer of two tires on the Mathias vehicle.
Though their cases were consolidated for discovery purposes, Laurent and Mathias’s suits were tried separately. Uniroyal filed, and later voluntarily dismissed, a third-party complaint against Mathias in the Laurent action. Laurent’s case went to trial first on a theory, among others, that Uniroyal negligently manufactured the tires on the vehicle. In June of 1986, in accord with the jury’s verdict, judgment was entered in Uniroyal’s favor. That judgment was affirmed in Laurent v. Uniroyal, Inc., 515 So.2d 1050 (Fla. 3d DCA 1987), rev. denied, 525 So.2d 879 (Fla.1988).
After that decision, Mathias’s case went to trial on a different theory; negligent failure to warn of the danger involved in mixing radial and non-radial tires. The jury in that case found Uniroyal liable and specifically found that Leone Mathias was not comparatively at fault. The trial court accordingly entered an amended final judgment in No *330 vember of 1991 and this court ultimately affirmed it in Uniroyal, Inc. v. Mathias, 611 So.2d 1369 (Fla. 3d DCA 1993).
Back in 1986, Laurent, after having lost in her action against Uniroyal, filed a negligence action against Mathias. She abated that action, however, to await the outcome of Mathias’s litigation against Uniroyal. After Mathias’s judgment against Uniroyal was affirmed by this court, Mathias moved for and was granted leave to file a third-party complaint against Uniroyal'[1] in the Laurent v. Mathias action. Mathias’s claims were for common law indemnity and contribution.
On cross motions for summary judgment, the trial court entered summary final judgment in Uniroyal’s favor. The trial court also entered an order denying Mathias’s motion for rehearing and leave to amend his third-party complaint to include a claim for equitable subrogation. The instant appeal followed.
We affirm that portion of the order entering summary judgment in Uniroyal’s favor on Mathias’s indemnity claim. Houdaille Indus., Inc. v. Edwards, 374 So.2d 490 (Fla.1979); Hoskins v. Midland Ins. Co., 395 So.2d 1159 (Fla. 3d DCA), rev. denied, 407 So.2d 1104 (Fla.1981); 4A Fla.Jur.2d Automobiles and Other Vehicles § 608 (1994) (noting that owner and operator are not liable for defects in automobile “where such defects were not discoverable by ordinary care and inspection” and where neither party had knowledge of their existence). We also affirm the order denying Mathias leave to amend his third-party complaint to include a claim for equitable subrogation.
We reverse, however, that portion of the trial court’s order entering summary judgment on Mathias’s contribution claim. Section 768.31(2)(b) of the Uniform Contribution Among Tortfeasors Act provides in pertinent part: “The right of contribution exists only in favor of a tortfeasor who has paid more than his pro rata share of the common liability, and his total recovery is limited to the amount paid by him in excess of his pro rata share.” (emphasis added). Uniroyal points to the highlighted language and argues, citing Liberty Mutual Ins. Co. v. Curtiss, 327 So.2d 82 (Fla. 1st DCA), cert. denied, 341 So.2d 291 (Fla.1976), that there can be no right of contribution in Mathias’s favor because Uniroyal’s previous exoneration with respect to Laurent indicates that there can be no “common liability” as between Mathias and Uniroyal.
In Liberty Mutual “the victim of an automobile accident sued two culpable truck drivers and the insurance company of one of the truck drivers. When the trial court entered summary judgment in favor of one of the truck drivers, the other defendants (the second truck driver and his insurance company, Liberty Mutual) paid the plaintiff a settlement. Liberty Mutual then sued the exonerated defendant, Curtiss, for contribution.”[2] The First District held that Cur-tiss’s previous exoneration precluded Liberty Mutual’s contribution claim since “Curtiss shared no common liability with Liberty Mutual to” the original plaintiff. Liberty Mutual, 327 So.2d at 85-86.
The Liberty Mutual court noted that it was adopting the Minnesota Supreme Court’s view on the issue. Id. at 86. The First District explicitly noted, however, that it was not addressing the factual scenario presented in the instant case when it stated:
The Minnesota court seems to have assumed with some dismay, but has not yet directly decided, that under the Vigen rule a judgment for an alleged tortfeasor, rendered in an action by the injured person against him alone, forecloses a subsequent contribution claim by a tortfeasor whom the injured plaintiff pursued later, separately and successfully. Anderson v. Gabrielson, 267 Minn. 176, 126 N.W.2d 239, 242, n. 9. In Florida, the reverse implica- *331 Rons of § l(4)(f) will no doubt bear on that issue.
Id. at 87. Section l(4)(f) has as its modern day counterpart section 768.31(4)(f) and they both provide in identical language as follows: “The judgment of the court in determining the liability of the several defendants to the claimant for an injury or wrongful death shall be binding as among such defendants in determining their right to contribution.”
Fortunately for us, then Chief Judge Grimes addressed the “reverse implications” of this section in Sol Walker & Co. v. Seaboard Coast Line R.R. Co., 362 So.2d 45, 53 n. 6 (Fla. 2d DCA 1978), when he commented:
By inference, this provision suggests that a judgment exonerating one tortfeasor in a suit in which the second tortfeasor was not a party would not be binding on the second tortfeasor in his action for contribution. This would avoid the result looked upon with apprehension by the Minnesota court in Anderson v. Gabrielson, 267 Minn. 176, 126 N.W.2d 239 (1964). At least where both tortfeasors are parties to the same action, each of them would have the opportunity to try to participate in an adversarial manner in any determination which might lead to exoneration of the other.
While admittedly this comment was dicta, we believe that it represents a proper construction of section 768.31(4)(f). See generally, Coffey, supra note 2, at 989-91 (asserting that “it is unfair to construe the term ‘common liability5 to defeat a subsequent defendant’s contribution claim when developments beyond his control have defeated the plaintiffs claim against the original defendant”).
Accordingly, the judgment exonerating Uniroyal in Laurent’s first action is not binding on Mathias in his claim for contribution since Mathias was not a party to Laurent’s original suit. Thus, we reverse the summary judgment entered in Uniroyal’s favor only with respect to Mathias’s claim for contribution. The trial court’s orders are affirmed in all other respects.
Reversed in part, affirmed in part.

. Mathias’s complaint named Uniroyal, Inc. and Uniroyal Goodrich Tire Co. (“UGTC”) as defendants. UGTC was alleged to be a successor in interest to Uniroyal. We affirm the order on appeal entering summary judgment in Uniroyal Goodrich Tire Company's favor. There was no dispute among the parties at oral argument that UGTC is a separate and distinct corporate entity that is not a successor in interest to Uniroyal, Inc.

. Kendall B. Coffey, Contribution Among Joint Tortfeasors: A Florida Case Law Survey and Analysis, 35 U.Miami L.Rev. 971, 981 (1981).