STATE OF MINNESOTA

IN SUPREME COURT

A16-0769

Court of Appeals                                                                    McKeig, J.


Madison Equities, Inc.,

            Appellant,

vs.                                                                    Filed:  January 25, 2017
                                                                       Office of Appellate Courts
Robert L. Crockarell,

            Respondent.


_____


Kelly S. Hadac, Michael S. Mather, HKM, P.A., Saint Paul, Minnesota, for appellant.

Matthew P. Kostolnik, Kelly C. McGinty, Moss & Barnett, P.A., Minneapolis, Minnesota, for respondent.


_____


S Y L A B U S

1.      Minnesota Rule of Civil Procedure 58.01 does not provide the district court an independent grant of authority to order a stay of entry of judgment.

2.      Mandamus is the proper remedy to compel the district court to vacate a stay that the court did not have the authority to order.

Reversed; writ of mandamus issued.

1

O P I N I O N

MCKEIG, Justice.

Appellant Madison Equities, Inc. sued respondent Robert Crockarell for repayment of a long-overdue promissory note. Crockarell later initiated a separate action against Madison Equities and other parties alleging, among other things, that Madison Equities sued Crockarell on the note to interfere with his business interests. The district court granted summary judgment to Madison Equities on the note claim, but ordered a stay of entry of judgment pending mediation in Crockarell's later-filed action. Madison Equities petitioned for a writ of mandamus seeking to vacate the stay, and the court of appeals denied the petition. We granted review. We reverse the court of appeals and issue a writ of mandamus ordering the district court to vacate the stay.

I.

In December 2004, Crockarell borrowed $100,000 from his father, James Crockarell, and his stepmother, Rosemary Kortgard, (collectively, "parents") to purchase a home. He executed a note promising repayment with interest within 2 years. Crockarell and his parents were also involved together in several business ventures, including in the parents' company, Madison Equities. While Crockarell worked for Madison Equities, he did not repay the note and his parents did not demand repayment. After Crockarell's employment with Madison Equities ended in 2014, however, his parents allonged[1] the note

---

[1] To "allonge" means to transfer a note by endorsing it on a piece of paper firmly affixed to the note. *See Nw. Nat. Bank of Minneapolis v. Shuster*, 307 N.W.2d 767, 770 (Minn. 1981); *see also Allonge*, *Black's Law Dictionary* (10th ed. 2014).

to Madison Equities, which then sued Crockarell for repayment of the note in Ramsey County District Court ("Note Litigation").

While the Note Litigation was pending, Crockarell initiated a separate action in Ramsey County District Court ("Shareholder Litigation"). Crockarell alleged multiple business-related claims against his parents, Madison Equities, and five limited liability companies (LLCs) co-owned by Crockarell and his parents. Crockarell claimed that his parents initiated the Note Litigation to pressure him to return to work for Madison Equities and to interfere with his business interests.[2]

By April 2016, the district court had granted summary judgment to Madison Equities in the Note Litigation, awarding it $144,698.59 in damages, plus interest and late charges, and an additional $34,790.36 in costs and attorneys' fees. Crockarell filed a motion to stay the entry of judgment in the Note Litigation pending the resolution of the Shareholder Litigation. He argued that payment of the Note Litigation judgment would substantially impair his ability to pursue the Shareholder Litigation. Crockarell reasoned that if the Note Litigation judgment were entered, he would engage in additional motion practice, followed by an appeal, to stay the enforcement of the judgment and therefore resist payment while the Shareholder Litigation was still pending. He further argued that his debt to Madison Equities would likely be offset by the more than $11 million in damages he claimed in the Shareholder Litigation. Crockarell relied on Minn. R. Civ. P. 54.02, which allows the court to defer the final entry of judgment when a decision fails to

---

[2] Crockarell did not assert these claims as counterclaims or third-party claims in the Note Litigation.

resolve "all the claims or the rights and liabilities of . . . all the parties." Although he suggested that the district court could consolidate the two actions sua sponte to ensure that Rule 54.02 applied, Crockarell never filed a motion to consolidate the actions.

On April 25, 2016, without consolidating the Note Litigation with the Shareholder Litigation, the district court ordered a stay of entry of judgment in the Note Litigation. The court stated:

> 3. Defendant's parents allonged the Note to defendant Madison Equities after waiting nearly a decade to seek payment under a personal Note between them and their son, Robert Crockarell. The allonge is suspiciously timed to coincide with disputes resulting in the commencement of another action involving defendant Crockarell, his parents, and Madison Equities, among others.
>
> 4. There are enough common interests and common parties in the two cases to merit a short stay of entry of judgment in this case. In [the Shareholder Litigation], the parties are ordered to complete mediation by October 1, 2016. That mediation should, but is not required to, encompass the claim in this case and will have a better chance of being successful if the parties are not spending their energies and money needlessly on collections and an appeal relating to this case. Moreover, [Crockarell's parents], by allonging the Note in this case to the Madison Equities entity, made this into a dispute involving Madison Equities, which is substantially involved and interconnected with the parties in the other pending action.
>
> 5. The court can conceive of no significant harm in staying entry of judgment in this case pending mediation in the related action, particularly in light of the extensive delay by [Crockarell's parents] in showing any interest in enforcing the Note at issue here. Accordingly, there is no reason to consider a bond or other security at this time.
>
> 6. It is appropriate to revisit the issue of continuing the stay and or requiring security following completion of the mediation process.

4

Although the deadline for completing mediation in the Shareholder Litigation was originally October 2016, the deadline has been extended several times and is now set for April 2017. The stay of entry of judgment in the Note Litigation remains in effect.

Madison Equities petitioned the court of appeals for a writ of mandamus to compel the district court to vacate the stay and enter judgment in the Note Litigation, arguing that the court did not have authority under the Minnesota Rules of Civil Procedure ("Rules") to order the stay. The court of appeals denied the petition, concluding that the district court had the discretion to stay proceedings pending the resolution of a related action and did not clearly abuse its discretion. *In re Madison Equities v. Crockarell*, No. A16-0769, Order at 2-3 (Minn. App. filed May 24, 2016). We granted Madison Equities' petition for review.

II.

We review de novo "a decision on a writ of mandamus . . . based solely on a legal determination." *Breza v. City of Minnetrista*, 725 N.W.2d 106, 110 (Minn. 2006). "Mandamus is an extraordinary remedy." *N. States Power Co. v. Minn. Metro. Council*, 684 N.W.2d 485, 491 (Minn. 2004) (citing *State v. Pero*, 590 N.W.2d 319, 323 (Minn. 1999)). A writ of mandamus may issue "to compel the performance of an act which the law specially enjoins as a duty," but not to "control judicial discretion." Minn. Stat. § 586.01 (2016). Further, a writ of mandamus "shall not issue in any case where there is a plain, speedy, and adequate remedy in the ordinary course of law." Minn. Stat. § 586.02 (2016). To obtain a writ of mandamus, Madison Equities must therefore show that (1) the district court "failed to perform an official duty clearly imposed by law," (2) which caused

5

"a public wrong specifically injurious to [Madison Equities]," and (3) for which "there is no other adequate legal remedy." *N. States Power Co.*, 684 N.W.2d at 491.

A.

We must first determine whether the district court "failed to perform an official duty clearly imposed by law." *Id.* at 491. Madison Equities argues that the Rules limit the court's authority to stay the entry of judgment. We interpret the Rules de novo. *Mingen v. Mingen*, 679 N.W.2d 724, 727 (Minn. 2004). "When interpreting a rule, we look first to the plain language of the rule and its purpose." *Walsh v. U.S. Bank, N.A.*, 851 N.W.2d 598, 601 (Minn. 2014). Only if the rule is ambiguous, that is, "subject to more than one reasonable interpretation," will we look beyond the plain language of the rule. *Id.* We do not read the Rules "in isolation," but rather, "in light of one another." *Mingen*, 679 N.W.2d at 727.

Rule 58 governs the entry and stay of judgments. Rule 58.01, titled "Entry," requires the court administrator to enter judgment "forthwith," "[u]nless the court otherwise directs, and subject to the provisions of Rule 54.02." We have stated that "the purpose of Rule 58.01 is to hasten the entry of judgment, thus achieving finality." *Erickson v. Nelson*, 275 Minn. 561, 562, 146 N.W.2d 768, 770 (1966). Rule 58.02, titled "Stay," permits the court to order a stay of entry of judgment for up to 30 days after the determination of specific post-judgment motions. Rule 58.02 also gives the court discretion to "impose such conditions for the security of the adverse party as may be deemed proper" for stays "exceeding 30 days after verdict or decision."

6

Other rules allow the district court to defer the entry of judgment under specific circumstances. Rule 54.02 applies to decisions that encompass fewer than all of the claims or parties in an action. Under these circumstances, the court administrator's duty under Rule 58.01 to enter judgment "forthwith" unless directed otherwise does not apply. Instead, under Rule 54.02, the court may not enter judgment unless all of the parties' claims have been adjudicated or the court expressly directs the entry of judgment after determining "that there is no just reason for delay."

Further, several rules authorize stays of entry of judgment following a trial. *See, e.g.*, Minn. Gen. R. Prac. 125 (providing for an automatic stay of 30 days after a trial "unless the court orders otherwise"); Minn. R. Civ. P. 49.02 (allowing the court to defer the entry of judgment pending the jury's answers to interrogatories). Moreover, Rule 62 allows the district court to order a stay of proceedings to enforce an entered judgment pending the resolution of post-judgment motions or an appeal. Minn. R. Civ. P. 62.01, 62.03. Finally, Rule 62.05 specifically preserves an appellate court's discretion to stay proceedings or make other necessary orders while an appeal is pending.

The court of appeals held, and Crockarell argues, that the phrase "[u]nless the court otherwise directs" in Rule 58.01 grants the district court the general authority to order stays of entry of judgment. Madison Equities argues that this phrase merely refers to the court's authority to order stays of entry of judgment under other rules, and that to hold otherwise would render superfluous these specific rules.

We agree with Madison Equities. Rule 58.01 defines the duty of the court administrator to enter judgment. It specifies that the court administrator must generally

7

enter judgment "forthwith," but may defer entry if "the court otherwise directs." But Rule 58.01 is not an independent grant of authority to the district court. Other rules, such as Rule 58.02, define the court's authority to "otherwise direct" the court administrator to stay the entry of judgment.

Our interpretation of Rule 58.01 is consistent with our precedent. *See Ginsberg v. Williams*, 270 Minn. 474, 135 N.W.2d 213 (1965). In *Ginsberg*, we held that a district court could not order a new trial "in the interests of justice," but was constrained by the comprehensive list of reasons for granting a new trial in Rule 59.01. *Id.* at 483-84, 135 N.W.2d at 220. To hold otherwise, we explained, "would invite an arbitrary exercise of power over which appellate review is not now available." *Id.* at 484, 135 N.W.2d at 220. We concluded that our carefully structured advisory-committee process is the appropriate method for amending the Rules. *Id.* at 484-85, 135 N.W.2d at 220-21.

Here, as in *Ginsberg*, the Rules provide a comprehensive list of circumstances and timeframes under which the district court may order a stay of entry of judgment. *See, e.g.*, Minn. R. Civ. P. 58.02 (allowing the court to "order a stay of entry of judgment . . . for a period not exceeding the time required for the hearing and determination of a [post-decision] motion" plus 30 days). Further, Rule 62 enumerates the circumstances under which the court may order a stay of proceedings to enforce a judgment. And although Rule 62.05 expressly preserves an appellate court's discretion to order a stay of proceedings pending an appeal, there is no similar provision granting the district court discretion to order a stay of entry of judgment. To interpret Rule 58.01 as providing independent authority for the district court to order a stay of entry of judgment would "invite an arbitrary

8

exercise of power over which appellate review is not now available." *Ginsberg*, 270 Minn. at 484, 135 N.W.2d at 220; *see also* Minn. R. Civ. App. P. 103.03 (listing orders from which a party may appeal, not including judgments that have not yet been entered). We therefore hold that Rule 58.01 does not provide the district court independent authority to order a stay of entry of judgment.

We must next determine whether the district court had the authority to order a stay of entry of judgment under any other rule. The court did not cite any rule in its order granting the stay; however, Crockarell's motion relied on Rule 54.02. This rule applies only to situations in which "multiple claims for relief or multiple parties are involved in an *action*." Minn. R. Civ. P. 54.02 (emphasis added); *see also T.A. Schifsky & Sons, Inc. v. Bahr Constr., LLC*, 773 N.W.2d 783, 787 (Minn. 2009) (stating that "Rule 54.02 applies where the lawsuit is based on more than one legal theory or states more than one group of operative facts giving rise to relief"). Because neither Crockarell nor the district court consolidated the Note Litigation and Shareholder Litigation, they remain separate actions. The Note Litigation judgment encompassed all the claims and parties within that action. As such, the court did not have the authority under Rule 54.02 to order a stay of entry of judgment in the Note Litigation.

Having been presented with no other rule that could have authorized the stay, the district court failed to perform its duty to allow entry of judgment "forthwith" when it

"otherwise direct[ed]" the court administrator to stay the entry of judgment without the authority to do so. *See* Minn. R. Civ. P. 58.01.[3]

B.

Madison Equities must next show that it "suffered a public wrong" that was "specifically injurious" to it as a result of the unauthorized stay order. *N. States Power Co.*, 684 N.W.2d at 491. Madison Equities argues that the order harmed it by indefinitely suspending its right to appeal and enforce its award, without allowing it to obtain a bond or other security for its award.

The district court stated that it would reconsider the stay after the mediation deadline for the Shareholder Litigation had passed. The mediation deadline, extended multiple times, is now set for April 2017, a full year after the court ordered the stay. Madison Equities continues to have no protection from the possibility that Crockarell may exhaust his resources before the stay is lifted and the award becomes enforceable. This exposure

---

[3]     The court of appeals also cited its decision in *Green Tree Acceptance, Inc. v. Midwest Federal Savings & Loan Ass'n of Minneapolis* for the proposition that district courts have the discretion to stay proceedings pending the resolution of related proceedings. 433 N.W.2d 140, 141-42 (Minn. App. 1988) (holding that the district court had the discretion to stay proceedings pending the resolution of related federal proceedings); *see also Rice Park Props. v. Robins, Kaplan, Miller & Ciresi*, 532 N.W.2d 556, 556 (Minn. 1995) (holding that the district court had the discretion to stay proceedings pending the resolution of a separate action involving the same parties and legal issue, "to avoid an unnecessary duplication of time, effort and expenditure"). Although we recognize a district court's "considerable discretion in scheduling matters and in furthering . . . the interests of judicial administration and economy," *Rice Park Props.*, 532 N.W.2d at 556, the authority to control ongoing civil proceedings cannot negate the plain language of Rule 58.01 regarding the entry of judgment. Here, the stay was ordered after summary judgment was granted, pending the resolution of proceedings in another case involving substantially different legal issues.

is particularly troubling in this case because Crockarell based his motion to stay on the assertion that his ability to prosecute the Shareholder Litigation would be substantially impaired if the Note Litigation judgment were enforced. Although Crockarell argues that the Shareholder Litigation judgment may offset his liability to Madison Equities in the Note Litigation, it would be inappropriate at this juncture to speculate about whether Crockarell will prevail in the Shareholder Litigation and whether any award will equal or exceed Madison Equities' award in the Note Litigation. Accordingly, Madison Equities has established that it has suffered a specific injury as a result of the unauthorized stay order.

## C.

Finally, Madison Equities must show that there is no "plain, speedy, and adequate remedy in the ordinary course of law." Minn. Stat. § 586.02. The other remedy "must be one which is reasonably efficient and adequate to reach the end intended, and actually compel the performance of the duty refused." *State v. Dist. Ct. of Meeker Cty.*, 77 Minn. 302, 307, 79 N.W. 960, 962 (1899).

It is undisputed that Madison Equities could not have appealed the unauthorized stay order. *See* Minn. R. Civ. App. P. 103.03. Crockarell argues that Madison Equities could have requested leave to make a motion to reconsider under Minn. Gen. R. Prac. 115.11. Madison Equities responds that a motion to reconsider is an inadequate remedy because it would not have compelled the district court to overturn its own ruling and lift the stay.

11

We conclude that a request for leave to make a motion to reconsider would not have been an adequate legal remedy to challenge the unauthorized stay order. "Motions to reconsider are prohibited except by express permission of the court." *Id.* As such, there is no guarantee that the district court would have granted Madison Equities leave to file the motion. Under Rule 115.11, the court would have had to find "compelling circumstances" before allowing the motion to proceed. In any event, a motion to reconsider would not "actually compel the performance of the duty refused." *Dist. Ct. of Meeker Cty.*, 77 Minn. at 307, 79 N.W. at 962. The motion would have simply repeated the same legal arguments that Madison Equities had already made to the court. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("Disapproval of the very terms that have already been approved as reasonable is at best a doubtful outcome of an application for revision."). As such, Madison Equities has established that it had no "plain, speedy, and adequate remedy in the ordinary course of law" to obtain relief from the unauthorized stay. Minn. Stat. § 586.02.

In sum, Madison Equities is entitled to mandamus relief because (1) the district court did not have the authority to order a stay of entry of judgment, (2) Madison Equities suffered a public harm that was specifically injurious to it, and (3) Madison Equities did not have any other adequate remedy in the ordinary course of law. We therefore hold that mandamus is the appropriate remedy to compel the district court to vacate a stay that the court did not have the authority to order, and the court of appeals erred in refusing to issue the writ.

Reversed; writ of mandamus issued.