According to Bergman, starting in 2008, the Isanti County Sheriff had consistently granted him a permit to carry a pistol (carry permit). On December 18, 2017, Bergman applied to renew his carry permit. A newly elected county sheriff, respondent Isanti County Sheriff Christopher Caulk, denied Bergman's application because of his 1996 domestic-assault conviction. Bergman sought reconsideration by the sheriff, and the sheriff refused to reconsider his application. Bergman then petitioned the district court to issue a writ of mandamus to compel the sheriff to issue him a carry permit. In September 2018, the court denied Bergman's petition, concluding that he is disqualified from possessing a firearm because his domestic-assault conviction was not expunged under 18 U.S.C. § 921(a)(33)(B)(ii).
This appeal follows.
*116 ISSUE
Is a conviction expunged within the meaning of 18 U.S.C. § 921(a)(33)(B)(ii) when a district court expunges the conviction solely on the basis of its inherent authority?
ANALYSIS
An appellate court "review[s] de novo a decision on a writ of mandamus based solely on a legal determination." Madison Equities, Inc. v. Crockarell , 889 N.W.2d 568, 571 (Minn. 2017) (quotation omitted). "Mandamus is an extraordinary remedy" that "may issue to compel the performance of an act which the law specially enjoins as a duty." Id. (quotations omitted). "To obtain a writ of mandamus," a petitioner "must therefore show that (1) the [sheriff] failed to perform an official duty clearly imposed by law, (2) which caused a public wrong specifically injurious to [the petitioner], and (3) for which there is no other adequate legal remedy." Id. (quotations omitted).
Under Minnesota law, a person, "who carries, holds, or possesses a pistol in a motor vehicle, snowmobile, or boat, or on or about the person's clothes or the person, or [is] otherwise in possession or control [of a pistol] in a public place" is guilty of a gross misdemeanor, unless that person first obtains a permit to carry, hold, or possess a pistol. Minn. Stat. § 624.714, subd. 1a (2018). "Applications by Minnesota residents for permits to carry shall be made to the county sheriff where the applicant resides." Id. , subd. 2(a) (2018). "Unless a sheriff denies a permit under the exception set forth in subdivision 6, paragraph (a), clause (3), a sheriff must issue a permit to an applicant if the person" meets the criteria set forth subdivision 2, paragraph (b). Id. , subd. 2(b). Under subdivision 2, paragraph (b), clause (4)(ix), a sheriff is not required to issue a carry permit to a person who is prohibited from possessing a firearm under federal law. Id. , subd. 2(b)(4)(ix); see also Minn. Stat. § 624.713, subd. 1(10)(viii) (2018) (prohibiting possession of a firearm by person disqualified under 18 U.S.C. § 922(g)(9) ).
Under 18 U.S.C. § 922(g)(9), a person "who has been convicted in any court of a misdemeanor crime of domestic violence" is prohibited from possessing a firearm. 18 U.S.C. § 922(g)(9) (2018). But
A person shall not be considered to have been convicted of such an offense ... if the conviction has been expunged or set aside, or is an offense for which the person has been pardoned or has had civil rights restored (if the law of the applicable jurisdiction provides for the loss of civil rights under such an offense) unless the pardon, expungement , or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.
18 U.S.C. § 921(a)(33)(B)(ii) (emphasis added).
In October 2007, the district court ordered the expungement of judicial records relating to Bergman's arrest and conviction and ordered the court administrator and county corrections department to seal the records related to the conviction. No party appealed the order. From 2008 until the Isanti County Sheriff denied Bergman's renewal application, Bergman had a carry permit. In its September 2018 order denying Bergman's writ of mandamus to compel the sheriff to issue him a carry permit, from which this appeal is taken, the district court stated that
[Bergman]'s conviction was not ordered removed from executive or judicial branch records ; the expungement exception under 18 U.S.C. § 921(a)(33)(B)(ii) therefore does not apply. The firearms prohibition based on the prior conviction *117 therefore remains, and the request for an Order mandating approval of the permit must be denied.
(Emphasis added.)
Bergman argues that his 1996 domestic-assault conviction was expunged within the meaning of 18 U.S.C. § 921(a)(33)(B)(ii), and that the district court therefore erred by not compelling the Isanti County Sheriff to issue him a carry permit. Because the federal statute does not define "expunged," Bergman's argument requires us to discern the meaning of "expunged" in 18 U.S.C. § 921(a)(33)(B)(ii). "What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held." 18 U.S.C. § 921(a)(20)(B) (2018). Accordingly, we look to Minnesota law to determine whether Bergman's domestic-assault conviction has been "expunged."
Appellate courts "review matters of statutory construction de novo." Minn. Dept. of Nat. Res. v. Chippewa/Swift Joint Bd. of Comm'rs , 925 N.W.2d 244, 247 (Minn. 2019). "The first step in statutory interpretation is to determine whether the statute is ambiguous on its face." State v. Jones , 848 N.W.2d 528, 535 (Minn. 2014). "A statute is ambiguous only when the statutory language is subject to more than one reasonable interpretation." State v. Boecker , 893 N.W.2d 348, 351 (Minn. 2017) (quotation omitted). "The plain language of the statute controls when the meaning of the statute is unambiguous." Id. We usually construe "words and phrases according to their plain and ordinary meanings." Jones , 848 N.W.2d at 535. But "[t]he canons of construction provide that technical words and phrases be given their special or defined meaning." In re Welfare of J.J.P. , 831 N.W.2d 260, 266 (Minn. 2013). "Expunge" means "[t]o remove from a record, list, or book; to erase or destroy." Black's Law Dictionary 702 (10th ed. 2014); see Jones , 848 N.W.2d at 535 (using Black's Law Dictionary to define statutory term). "Erase" means to "seal (criminal records) from disclosure." Black's Law Dictionary 658 (10th ed. 2014).
Here, in 2007, the district court ordered that the judicial records related to Bergman's conviction "be expunged" and directed the court administrator to "seal" the case file, "including records related to [the expungement] order, and remove the case ... records open to public examination, and refrain from disclosing or revealing the file contents without a court order or specific statutory authority," and the court directed the county corrections department to "seal or otherwise remove references from its records" related to Bergman's arrest and court proceedings. Federal law does not require that the expungement be statutory or result in the sealing of records in every branch of government. See 18 U.S.C. § 921(a)(33)(B)(ii). We conclude that the 2007 expungement order meets the plain meaning of "expunged" in 18 U.S.C. § 921(a)(33)(B)(ii). Because Bergman's domestic-assault conviction was expunged, he is not prohibited from possessing a firearm and is not disqualified from holding a carry permit under Minn. Stat. §§ 624.713, subd. 1(12), .714, subd. 2(b).
While not binding on this court, analogous federal case law supports our conclusion. In U.S. v. Laskie , when a defendant received an honorable discharge from probation under state law, the Ninth Circuit concluded that a defendant had his conviction "set aside" for purposes of possessing a firearm under 18 U.S.C. § 921. 258 F.3d 1047, 1051-53 (9th Cir. 2001). The Ninth Circuit reasoned that because the defendant received a court order stating that he was "released from all penalties and disabilities resulting from the crime of which *118 he has been convicted," and that based on that order the defendant "reasonably could have concluded that he was released from all penalties and disabilities resulting from his crime, including the prohibition against firearms," his conviction had been expunged or set aside. Id. at 1050, 1052 (quotations omitted). Similarly here, Bergman received a court order in 2007 that expunged his domestic-assault conviction and thereafter consistently obtained a carry permit, reasonably leading him to believe that he was released from the prohibition against possession of a firearm. In Bergman's case, the expungement order specifically notes that his purpose in seeking the order was to facilitate his ability to "possess a firearm ... because federal law prohibits possession of a firearm based on this arrest and sentence."
The county sheriff argues that because Bergman did not qualify for statutory expungement under Minn. Stat. §§ 609A.01 -.04, "he remained ineligible to possess a firearm," notwithstanding the district court's 2007 expungement order. The county sheriff cites no authority to support this position, and we reject it. The fact that Minnesota law allows for both statutory expungement and expungement based on a district court's inherent authority does not lead us to conclude that expungement under a court's inherent authority does not constitute expungement within the meaning of 18 U.S.C. § 921. We conclude that Bergman's conviction was expunged within the meaning of the federal law, and that Bergman therefore did not have a disqualifying conviction under federal law for purposes of Minn. Stat. § 624.713, subd. 1(10)(viii). The county sheriff therefore had an official duty imposed by law to issue Bergman a carry permit. Because Bergman was injured by the denial of his carry-permit application and has no other adequate legal remedy, the district court erred by denying his mandamus petition.
DECISION
Bergman's domestic-assault conviction was expunged within the meaning of 18 U.S.C. § 921(a)(33)(B)(ii), and he therefore is not prohibited from possessing a firearm under federal law. The county sheriff abused its discretion in denying Bergman a carry permit, and, accordingly, we reverse the denial of Bergman's petition for a writ of mandamus and remand for further proceedings consistent with this opinion.
Reversed and remanded.
Dissenting, Worke, Judge